# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT A. GREENE, ) | |
| ) | 2:09-cv-00466-RCJ-RJJ |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| EXECUTIVE COACH & CARRIAGE, ) | |
| ) | |
| *Defendant*. ) | |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Certify a Question to the Nevada Supreme Court (#11). Plaintiff argues that the issue of whether or not the amendment to the Nevada State Constitution overrules the statutory minimum wage law should be certified to the Nevada Supreme Court for that court to decide. Defendants filed a timely Response in Opposition (#14), arguing that Plaintiff's Motion should be denied as this Court has already determined this matter and that Plaintiff is, in essence, seeking a duplicative avenue of appeal through his Motion.

The Court has considered the pleadings and arguments presented by both parties. IT IS HEREBY ORDERED THAT Plaintiff's Motion to Certify (#11) is DENIED.

## FACTS

On March 10, 2009, Plaintiff Robert A. Greene filed the present lawsuit individually and on behalf of all persons who have worked for Defendant Bentley Transportation Services dba Executive Coach & Carriage ("Defendant") within the last three years. Plaintiff asserted several claims against

1  Defendant: (1) failure to pay the minimum wage under Fair Labor Standards Act ("FLSA"); (2)
2  failure to pay overtime under the FLSA; (3) liquidated damages under the FLSA; (4) failure to pay
3  for all hours worked under Nevada Revised Statute 608.016; (5) failure to pay the minimum wage
4  under Article 15, § 16 of the Constitution of the State of Nevada; (6) failure to pay overtime under
5  Nevada Revised Statute 608.100(1)(b); (7) waiting penalties under Nevada Revised Statute 608.040;
6  and (8) improper wage deductions under Nevada Revised Statute 608.100.

7  On November 10, 2009, this Court issued an Order dismissing Plaintiff's state law claims.
8  (#16).  In the Order, the Court expressly addressed whether or not the 2006 Minimum Wage
9  Amendment to the Constitution of the State of Nevada ("Wage Amendment"), which added Article
10 15, § 16 to the State Constitution, repealed the Nevada Wage and Hour Law ("Nevada Wage Law"),
11 codified at Nevada Revised Statute 608.250.  Specifically at issue was whether the exemptions in
12 the Nevada Wage Law survived the Wage Amendment.  The Court concluded that the Wage
13 Amendment did not impliedly overrule the Wage and Hour Law and dismissed Plaintiff's state law
14 claims for failure to state a claim.

15 Plaintiff now seeks for this Court to certify the following question:
   Does Section 16 of Article 15 of the Constitution of the State of Nevada require
16 payment of the constitutionally mandated minimum wages to employees who are
   currently excluded from entitlement from the statutory minimum wages under NRS
17 608.250(2), unless those employees are not within the Constitutional definition of
   a protected "employee" pursuant to Section 16(c) of the Nevada State Constitution?
18

19 Plaintiff also requested this at oral arguments for Defendant's Motion to Dismiss. (Oral Argument,
20 August 10, 2009).  The Court declined to address this request in its November 10, 2009 Order.
21 (#16).

22 **DISCUSSION**

23 Pursuant to Nevada Rule of Appellate Procedure 5, the Nevada Supreme Court may answer
24 questions of law certified to it by a United States District Court upon the certifying court's request:
25

>if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.

Nev. R. App. P. 5(a). A certifying court may invoke Rule 5 on its own motion. *See* Nev. R. App. p. 5(b). The Nevada Supreme Court accepts certification of an issue when the answer to that issue "may 'be determinative' of part of the federal case, there is no controlling [Nevada] precedent, and the answer will help settle important questions of law." *Volvo Cars of North America, Inc. v. Ricci*, 122 Nev. 746, 751, 137 P.3d 1161 (2006) (citing *Ventura Group v. Ventura Port Dist.*, 24 Cal. 4th 1089, 104 Cal. Rptr. 2d 53, 16 P.3d 717, 719 (2001)).

Certification to the highest state court is not mandatory and lies within the discretion of the federal court. *Lehmen Bros. v. Schein*, 416 U.S. 386, 390–91, 94 S. Ct. 1741 (1974); *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225–26 (D. Nev. 2008). A district court's decision not to certify a question to a state court is reviewed for an abuse of discretion. *Thompson v. Paul*, 547 F.3d 1055, 1059, 1065 (9th Cir. 2008). There are a variety of factors that are generally considered by a district court in assessing the appropriateness of certifying a question to the state court. These factors include "whether the state law question presents a significant question of important state public policy, whether the issue involved has broad application, whether law from other states is instructive, the state court's case load, [] comity and federalism concerns," and "the timing of the certification." *Carolina Cas. Ins. Co.*, 572 F. Supp. 2d at 1226; *see also Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003); *Boucher v. Shaw*, 483 F.3d 613, 616 (9th Cir. 2007).

Plaintiff seeks certification in the present case, arguing that the issue is a determinative part of the case, there is no controlling Nevada precedent, and that the answer will help settle important questions of law. (Plaintiff's Motion at pg. 5, #11). Plaintiff argues that this Court's decision has a collateral impact on millions of Nevada workers who are exempt under state statute but are not exempt, according to Plaintiff's interpretation, under the Nevada Constitution. Defendant counters

that Plaintiff's request is untimely and, in essence, is an attempt to have the Nevada Supreme Court decide issues which this Court already considered and upon which this Court already issued a dispositive motion. Further, Defendant argues that Plaintiff fails to show any "particularly compelling reasons" for certifying the question at issue. Consideration of the following cases provides guidance for this Court's treatment of the present motion.

In *Boucher v. Shaw*, the Ninth Circuit dealt with certification of issues involving the definition of "employer" under a Nevada Statute. *Boucher*, 483 F.3d at 614–15. The court did not provide much discussion of the certification considerations themselves, but certified the question to the Nevada Supreme Court on the basis that the statute at issue was ambiguous. *Id.* at 616. "Because this question represents an issue of first impression and has significant implications for Nevada's wage protection law and because we cannot be certain how the Nevada Supreme Court would resolve this matter, we believe certification on this question of law to be appropriate." *Id.* The court then certified the following question: "Can individual managers be held liable as employers for unpaid wages under Chapter 608 of the Nevada Revised Statutes?" *Id.*

The Ninth Circuit also dealt with certification in *Kremen v. Cohen*. There, the court dealt with an issue involving conversion of an internet domain name. The court adopted a very broad approach to certification, invoking the process on the basis of deference to the state court. The court stated that "[t]he certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts." *Id.* at 1037. The court further stated that "[i]n a case such as this one that raises a new and substantial issue of state law in an arena that will have broad application, the spirit of comity and federalism cause us to seek certification." *Id.* at 1038.

Judge Kozinski, however, dissented from the majority opinion, questioning the use of certification. Of note, Judge Kozinski pointed out that certification had not been sought by any of the parties. *Id.* at 1044 (Kozinski, J., dissenting). Additionally, he argued that there are extra costs,

delays, and burdens on litigants that should be avoided by a restrained approach to certification. "Certification is justified only when the state supreme court has provided no authoritative guidance, other courts are in serious disarray and the question cries out for a definitive ruling." *Id.* As the court was "perfectly capable of answering" the certified question itself, something the majority acknowledged as well, *see id.* at 1038 (majority opinion), Judge Kozinski contended that certification was unnecessary and inappropriate. *Id.* at 1044 (Kozinski, J., dissenting).

A final case to consider is *Carolina Cas. Ins. Co. v. McGhan*, which although not binding on this Court, is the case which provides the most detailed analysis of the certification considerations. *Carolina Cas. Ins. Co.*, 572 F. Supp. 2d at 1225–26. In that case, Judge Pro considered whether or not to certify two issues under Nevada law. *Id.* at 1225. The court had already entertained summary judgment motions on those issues and made dispositive orders. *Id.* Judge Pro first acknowledged that certification is not mandatory and that "the federal court's task typically is to predict how the state's highest court would decide the issue." *Id.* at 1225–26 (citing *Med. Lab. Mgmt. Consultants v. Am. Broad Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002); *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 865 (9th Cir. 1996)). Next, the court looked to various factors significant to the question of certification. Of particular importance was the timing of the request to certify. Citing *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984), the court stated that "[w]hen a party requests certification for the first time after losing on the issue, that party must show 'particularly compelling reasons' for certifying the question." *Carolina Cas. Ins. Co.*, 572 F. Supp. 2d at 1226. In that case the court determined that the moving party needed to demonstrate compelling reasons to justify certification as they had waited to request certification until the court had already decided the issues in question. *Id.*

The court further ruled that the moving party failed to show a compelling reason to certify. *Id*. Significant to this analysis was the whether or not there existed an issue of important state public policy. *Id.* The court concluded that public policy was not implicated, distinguishing the case from

those involving issues of broad application and greater significance. *Id.* The court further considered that certification would not promote time, energy, and resource savings, as the issues had already been fully litigated before the district court. Accordingly, the court denied certification of the issue.

Applying these cases to the facts in the instant action, it appears that there are two significant issues to evaluate: (1) the timing of Plaintiff's request for certification and (2) the significance of the issue for which Plaintiff seeks certification.

**A.  Timing of Plaintiff's Request for Certification**

Defendant's primary argument against Plaintiff's Motion is its timing. The main focus of Defendant is the relevance of the stage of litigation in *Lucas v. Bell Trans*, 2:08-cv-01792-RCJ-RJJ, which is parallel litigation against the same Defendants by different plaintiffs, but the same plaintiffs' attorney. In that case, which is also before this Court, an Order was issued on June 24, 2009, dismissing the plaintiffs' state law claims and holding that the exemptions in the Nevada Wage Law survived the Wage Amendment. (*Lucas*, 2:08-cv-01792-RCJ-RJJ, Dock. #27). In that case, on June 26, 2009, Plaintiff also filed a similar motion to the motion in the present case, requesting certification. (*Lucas*, 2:08-cv-01792-RCJ-RJJ, Dock. #30). This motion was denied in the Order issued by this Court on October 14, 2009. (*Lucas*, 2:08-cv-01792-RCJ-RJJ, Dock. #58).

The timing of the filings in the instant case are, of course, more relevant to the appropriate timing of Plaintiff's Motion. On May 6, 2009, Defendant filed its Motion to Dismiss Plaintiff's State Law Claims, which raised the issue of the potential conflict between the Nevada Wage Law and the Wage Amendment to the Nevada Constitution. (#6). After a stipulation to extend time to respond, Plaintiff responded to Defendant's Motion on May 26, 2009, raising the argument that the Nevada Wage Law was impliedly repealed. (#8). Plaintiff did not file its Motion to Certify until August 5, 2009. (#11). Oral arguments on Defendant's Motion to Dismiss were heard on August

1  10, 2009, and on November 10, 2009, the Court issued an Order granting Defendant's Motion and
2  finding that the Nevada Wage Law was not repealed. (#16).

3  Defendant argues that Plaintiff's Motion is untimely because Plaintiff waited to see the
4  outcome of the Court's decision in the *Lucas* case before filing the motion to certify in the present
5  case. Further, Defendant argues that Plaintiff's failure to make the motion to certify until over two
6  months after it presented the arguments to this Court for determination demonstrates that the request
7  is untimely and improper. Plaintiff counters that there is no preclusive effect from the *Lucas*
8  litigation, so the Court should not consider the timing of the *Lucas* case.

9  The Court need not rely on the *Lucas* litigation to find that Plaintiff's Motion was untimely.
10 As already noted, Plaintiff made his arguments on the exact issue presented in the present Motion
11 to Certify more than two months before filing the present motion. Plaintiff did wait until it was
12 apparent how the Court was going to rule. Further, Plaintiff made no effort, other than his comments
13 at oral argument, to seek resolution of his Motion to Certify at the same time as the Motion to
14 Dismiss. Accordingly, the timing of Plaintiff's Motion to Certify amounts to taking two swings at
15 the same issue. Plaintiff is correct that his motion is not untimely as a matter of civil procedure.
16 However, the timing of this motion still negatively affects its consideration when assessing the
17 circumstances under which the motion was brought. Accordingly, under the discretion provided the
18 Court in this area, this Court holds that Plaintiff's Motion to Certify is inappropriate in its timing.

19 **B.    No Particularly Compelling Reasons for Certification**

20 Following the analysis applied in *Carolina Cas. Ins. Co.*, the Court now looks to whether
21 or not Plaintiff has presented particularly compelling reasons for certification. Defendant argues that
22 Plaintiff has not demonstrated compelling reasons, citing the heavy disfavor that accompanies
23 implied repeal, as well as the Order's limited application to Plaintiff. Plaintiff, of course, contends
24 that the reasons for certification are compelling and cites to much of the same sources cited in
25 Plaintiff's Response to Defendant's Motion to Dismiss. (*See* #8). Much of this evidence has already

been presented to this Court and found to be unpersuasive. (#16). However, Plaintiff now uses this evidence not to persuade the Court of their merits necessarily, but to demonstrate that this is an issue that should be decided by the Nevada Supreme Court, rather than by this Court.

Plaintiff also relies heavily on the case of *Boucher v. Shaw*, where the Ninth Circuit elected to certify a question of whether individual managers are employers under NRS § 608.011, due to the public policy concerns in having the Nevada Supreme Court make that interpretation. *Boucher*, 483 F.3d at 616. In that case, the court took a broad stance towards certification based on the fact that it was an issue of first impression and that it "could not be certain how the Nevada Supreme Court would resolve this matter." *Id.* In *Kremen v. Cohen*, the Circuit took an even broader approach, certifying where the issue raised was a "new and substantial issue of state law in an arena that will have broad application." *Kremen*, 325 F.3d 1038. This was despite the acknowledgment that the court was quite capable of resolving the issue presented. *Id.* Also of note, is the citation to *Boucher* in *Carolina Cas. Ins. Co.* as an example of a situation where public policy of general applicability would warrant certification. *Carolina Cas. Ins. Co.*, 572 F. Supp. 2d at 1226.

The instant case is similar to *Boucher* in some respects, in that they both implicate interpretation of Nevada's wage laws. However, *Boucher* is also distinguishable in that the issue this Court determined was whether the Nevada Wage Law was impliedly repealed by the Wage Amendment. Unlike *Boucher*, where there was no state law precedent, there is precedent concerning implied repeal and the interpretation of conflicting laws, even if there is no precedent on the precise issue of the Nevada Wage Law's survival after the Wage Amendment. This was addressed in this Court's Order granting Defendant's Motion to Dismiss. (#16). And while it is true that this exemption issue affects public policy, insofar as interpretation of this conflict is handled, this Court's decision is binding on no one except for the parties present. Accordingly, unlike the potential broad application in *Kremen*, where the Ninth Circuit certified, no such broad application is present here.

Given the close nature of this determination, it is again worthwhile to note the discretion afforded this Court in its ruling on this issue. While certification would not necessarily be inappropriate, it does not seem that compelling reasons exist which require this Court to grant certification. Considering the timing of the motion and the fact that this Court has already disposed of these exact same issues, this Court denies Plaintiff's Motion to Certify.

**CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Certify A Question to the Nevada Supreme Court (#11) is DENIED.

DATED:    January 26, 2010

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE