1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    ROBERT A. GREENE on behalf of himself and      )
     all others similarly situated,                 )        2:09-cv-00466-RCJ-RJJ
                                                     )
10                         *Plaintiff,*              )
                                                     )              **ORDER**
11           vs.                                     )
                                                     )
12   EXECUTIVE COACH AND CARRIAGE, a                 )
     Nevada Corporation, DOES 1–50, inclusive,       )
13                                                   )
                          *Defendants.*              )
14   _____          )

15                              **INTRODUCTION**

16          Before the Court is Defendant's Motion for Summary Judgment as to all Remaining State-

17   Based Claims (#20).  Defendant argues that the undisputed facts demonstrate that Plaintiff cannot

18   succeed on his claims under Nevada Revised Statute § 608.016.  Plaintiff files a Response in

19   Opposition (#21) claiming facts that are disputed and material to the disposition of the claims.  An

20   untimely reply was filed on behalf of Defendant, but not considered by this Court.

21          The Court has considered all of the pleadings and arguments offered by both parties.

22          IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment (#20) is

23   GRANTED.

24   ///

25   ///

**FACTS**

On March 10, 2009, Plaintiff Robert A. Greene filed the present lawsuit individually and on behalf of all persons who have worked for Defendant Bentley Transportation Services dba Executive Coach & Carriage ("Defendant") within the last three years. Plaintiff asserted several claims against Defendant: (1) failure to pay the minimum wage under Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime under the FLSA; (3) liquidated damages under the FLSA; (4) failure to pay for all hours worked under Nevada Revised Statute § 608.016; (5) failure to pay the minimum wage under Article 15, § 16 of the Constitution of the State of Nevada; (6) failure to pay overtime under Nevada Revised Statute § 608.100(1)(b); (7) waiting penalties under Nevada Revised Statute § 608.040; and (8) improper wage deductions under Nevada Revised Statute § 608.100.

On November 10, 2009, this Court issued an Order dismissing Plaintiff's state law claims for failure to pay minimum wage and overtime. (November 10, 2009 Order, #16). The Court expressly addressed whether or not the 2006 Minimum Wage Amendment to the Constitution of the State of Nevada ("Wage Amendment"), which added Article 15, § 16 to the State Constitution, repealed the Nevada Wage and Hour Law ("Nevada Wage Law"), codified at Nevada Revised Statute 608.250. Specifically at issue was whether the exemptions in the Nevada Wage Law survived the Wage Amendment. The Court concluded that the Wage Amendment did not impliedly overrule the Wage and Hour Law and dismissed Plaintiff's state law claims for failure to state a claim. Plaintiff subsequently sought to have this issue certified to the Nevada Supreme Court. (Motion to Certify Question to the Nevada Supreme Court, # 11). This motion was denied. (January 27, 2010 Order, # 19).

Defendant now brings the instant motion seeking dismissal of the last remaining claim based on Nevada state law, in which Plaintiff alleges violations of Nevada Revised Statute § 608.016 for failure on the part of Defendant to pay Plaintiff, and similarly situated limousine drivers, for all hours worked. Plaintiff opposes the motion, relying heavily on this Court's orders in a separate case, *Lucas*

1   *v. Bell Trans*, 2:08-cv-01792-RCJ-RJJ.  Plaintiff attaches to his response this Court's June 23, 2009

2   Order granting in part and denying in part the defendant's motion for summary judgment, and this

3   Court's December 1, 2009 Order granting class certification, both from the *Lucas* case. (*See Lucas*

4   *v. Bell Trans*, June 23, 2009 Order, # 21 Ex. A; *Lucas v. Bell Trans*, Dec. 1, 2009 Order, # 21 Ex.

5   B).

6                                           **DISCUSSION**

7   **A.      Summary Judgment Standard**

8           The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as

9   to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d

10  1468, 1471 (9th Cir. 1994).  Summary judgment is proper if the evidence shows that there is no

11  genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

12  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where reasonable minds

13  could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of*

14  *Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  As summary judgment allows a court to dispose of

15  factually unsupported claims, the court construes the evidence in the light most favorable to the

16  nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

17          In evaluating the appropriateness of summary judgment, three steps are necessary: (1)

18  determining whether a fact is material; (2) determining whether there is a genuine issue for the trier

19  of fact, as determined by the documents submitted to the court; and (3) considering that evidence in

20  light of the appropriate standard of proof. *Id.*  As to materiality, only disputes over facts that might

21  affect the outcome of the suit under the governing law will properly preclude the entry of summary

22  judgment.  Factual disputes which are irrelevant or unnecessary will not be considered. *Id.*  Where

23  there is a complete failure of proof concerning an essential element of the nonmoving party's case,

24  all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of

25  ///

1   law. *Celotex*, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut, but an

2   integral part of the federal rules as a whole. *Id.*

3   **B.    Analysis**

4           The foundation of Plaintiff's claim under Nevada Revised Statute § 608.016 is based on

5   allegations that Defendant did not pay limousine drivers for time required to pick up trip sheets and

6   keys, time required to maintain or clean their vehicles, time required to wait for customers, time for

7   mandatory training and meetings, and other "non-driving times." (Complaint ¶¶ 34–39, #1). While

8   there is significant contention involving application of law, the above allegations are inherently factual

9   in nature, and vigorously disputed by both sides.   Ultimately, however, the disputed facts are

10  immaterial as Plaintiff's claims fail as a matter of law.

11          Defendant's first argument for summary judgment is that Plaintiff was hired under a

12  commission-only agreement, and therefore Nevada Revised Statute § 608.016 is inapplicable.

13  Plaintiff does not dispute that Plaintiff was hired under a commission-only agreement, which provided

14  that he would receive as compensation 25% of the amount of each fare that he drove plus tips. (*See*

15  Response, #21; Complaint ¶ 32, #1).  The operative statute for Plaintiff's claim states "[a]n employer

16  shall pay to the employee wages for each hour the employee works.  An employer shall not require

17  an employee to work without wages during a trial or break-in period." Nev. Rev. Stat. § 608.016.

18  Wage is defined in Nevada Revised Statute § 608.012 as:

19          1.    The amount which an employer agrees to pay an employee for the time the
                  employee has worked, computed in proportion to time; and
20          2.    Commissions owed the employee, but excludes any bonus or arrangement to
                  share profits.
21
22  Defendant emphasizes that in defining "wages" the statute ties non-commission wages to

23  computations in proportion to time, whereas commissions are not computed that way.  In this light,

    Defendant argues that § 608.016 thereby does not require a payment of an hourly rate and that the
24
    ///
25
    ///

Page 4 of 7

1    statute is intended to apply only to compensation agreements where the pay is made on an hourly

2    basis, not commission arrangements.

3           Defendant proceeds to support this argument through citations to various parts of the Nevada

4    Revised Statutes and the Nevada Administrative Code. For instance, Nevada Administrative Code

5    § 608.120(1) expressly allows a commission payments system, stating "If an employer and employee

6    agree that the employee is to be paid by commission based upon a sale, the employer shall pay each

7    commission to the employee when the commission becomes payable pursuant to the agreement."

8    Additionally, Defendant discusses in length the exemptions of limousine drivers and commission-

9    based employees from various minimum wage and overtime statutes. By extension, Defendant argues

10   that Nevada Revised Statute § 608.016 is inapplicable to Plaintiff's employment.

11          Plaintiff disputes the application of these statutes. Plaintiff relies heavily on this Court's

12   decision in *Lucas v. Bell Transportation*, quoting from the decision to deny the defendant's motion

13   to dismiss on the issue of a claim based on Nevada Revised Statute § 608.016. Specifically, Plaintiff

14   references the Court's determination that the plaintiffs had stated a cause of action by alleging that

15   they had not received pay for attending training and other non-driving time. But this reliance is

16   misplaced. The decision in *Lucas v. Bell Transportation* was a motion to dismiss and the order does

17   not address whether Nevada Revised Statute § 608.016 is applicable to employers such as Defendant.

18   (*Lucas v. Bell Trans.*, 08-cv-01792,  June 23, 2009 Order at pg. 8,#21 Ex. A). *Lucas* is also

19   distinguishable on a factual basis, wherein it was unclear in that case whether the plaintiffs received

20   any other compensation than commission. (*See Lucas v. Bell Trans*, 08-cv-01792, Dec. 1, 2009 at

21   10–11 n.1, #21 Ex. B) ("Furthermore, it is not clear from the pleadings whether commissions

22   comprised the entirety of Plaintiff's compensation from Defendants, or if such commissions were

23   added to a base wage."). The Court noted in that case that this would be significant to the outcome

24   of the case. (*See id.*).

25   ///

1    Next, Plaintiff argues that the statutory exemptions for commissions are inapplicable to

2  Plaintiff because he is not a salesperson. Plaintiff cites the language in Nevada Administrative Code

3  § 608.120 which states "commission based upon a sale." Plaintiff takes this to mean commissions

4  from sales and not to physical labor, which is how Plaintiff characterizes his work. Plaintiff also

5  suggests that the language "paid by commission based upon a sale," from Nevada Revised Statute

6  § 608.115, means that Plaintiff's work is excluded from this statute. But these statutes do not limit

7  commission based pay only to salespeople, but merely specify that it is based on a sale. While

8  Plaintiff's claim that his compensation was more akin to piece-rate has some appeal, ultimately it is

9  not persuasive. Every time Plaintiff was hired to drive someone somewhere, the sale of a service was

10  made. Plaintiff could even make further sales by scheduling his services with specific clients, rather

11  than merely waiting at the airport or a hotel as designated by his employer. It does not matter that

12  Plaintiff was not selling his clients a tangible good; a sale is still a sale. Plaintiff's interpretation of

13  the statute, therefore, reads more into the statute than what it actually states.

14    Further, Plaintiff claims that to treat the statute as inapplicable would essentially make Nevada

15  Revised Statute § 608.016 an additional claim for minium wage, making it redundant. Plaintiff then

16  proceeds to make generalized arguments regarding generic drivers, referencing getting paid for

17  deadheading back to terminals and being paid while hypothetical trucks are unloaded. This has little

18  application to the present case, and does not involve the sort of pay structure adopted by Plaintiff and

19  Defendant when Plaintiff began working for Defendant.

20    Defendant's interpretation of the applicable statutes is correct. Very simply, this is a case

21  involving a commission-based agreement entered into by Plaintiff. Applying Nevada Revised Statute

22  § 608.016 to commission only pay structures, such as the present case, would render meaningless the

23  wages definition, which explicitly embraces commission based pay. *See* Nev. Rev. Stat. § 608.012.

24  Section § 608.016 must be read to compliment the minimum wage statute, eliminating any potential

25  loophole created by an employer requiring certain work obligations from an hourly employee, but

1   failing to compensate them for that time. In contrast, Plaintiff's interpretation renders commission-

2   only based wages illegal. Even with a traditional salesperson, an employer would be violating Nevada

3   Revised Statute § 608.016 every time an employee worked on a sale, but failed to close, and thus

4   failed to make any commission.

5        The statutory language in this case is sufficiently clear in this case. The law explicitly provides

6   for commission based pay. Nev. Rev. Stat. § 608.012. Plaintiff is paid a commission for every fare

7   that the collects. Plaintiff's claims based on § 608.016 are inapplicable to commission-based pay

8   structures like the one entered into by Plaintiff and Defendant.

9        As to the factual claims in this case, there are clear disputes. But above conclusions of law

10  render these disputed facts immaterial. Summary judgment may be granted in spite of the disputed

11  facts because even if all of Plaintiff's factual claims are true, his claim fails as a matter of law.

12                                     **CONCLUSION**

13       IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment (#20) is

14  GRANTED.

15       Dated: This 9th day of June, 2010.

16

17

18

19                                  _____
                                    ROBERT C. JONES
20                                  UNITED STATES DISTRICT JUDGE

21

22

23

24

25