UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT A. GREENE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br> vs.<br><br>EXECUTIVE COACH AND CARRIAGE, a Nevada Corporation; DOES 1-50, inclusive,<br><br>    Defendants. | Case No.: 2:09-cv-00466-GMN-RJJ<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Defendant Bentley Transportation, LLC, d/b/a Executive Coach and Carriage's Motion to Dismiss/Motion for Summary Judgment (ECF No. 39). Plaintiff Robert Greene filed a Response on July 26, 2010 (ECF No. 43). Defendants filed a Reply on August 11, 2010 (ECF No. 44). Defendant's primary argument is that Plaintiff Robert Greene failed to name a proper legal entity in this suit and has never been an employee of Bentley Transportation, LLC.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is **DENIED without prejudice.**

## FACTS AND BACKGROUND

On March 10, 2009, Plaintiff Robert A. Greene filed the present lawsuit individually and on behalf of all persons who have worked for "EXECUTIVE" within the last three years. (Complaint ¶¶ 6 & 9, ECF No. 1). Plaintiff alleges that he was employed by a limousine company called "Executive" from June to August 2008. (Greene Decl. ¶1, pg. 1, ECF 43-1). In the Complaint, Plaintiff describes "EXECUTIVE" as a business that

1  provides limousine services, with its principal place of business at 415 South Sixth Street, Suite 100, Las Vegas, Nevada. (*Id.* at ¶6).  Plaintiff also gives "EXECUTIVE's" Nevada Transportation Service Authority license number as CPCN 1023. (*Id.*).  However, Plaintiff's Orientation packet lists a different address of 3950 West Tompkins, Las Vegas, Nevada and a different CPCN #1062. (Greene Decl., Ex. A pg. 5, ECF No. 43-1).

Bentley Transportation, LLC (hereinafter "Bentley") filed every response and motion in this suit and concedes that it does business under the name Executive Coach and Carriage. (Motion to Dismiss pg. 1, ECF No. 6).  Bentley denies that Plaintiff, Robert Greene, ever worked for Bentley Transportation, LLC or Executive Coach and Carriage and that it is not, therefore, a proper party to this suit.  The denial is supported by the Affidavit of Carol Jimmerson.

However, the opening line of Plaintiff's Orientation packet states: "These pages will be your guide to success as a driver with Executive." (*Id.*).  Carol Jimmerson is listed as the CEO. (*Id.*)  A document entitled "Alcohol and Substance Abuse Policies" is headlined "Jacob Transportation Services, LLC dba, Executive Las Vegas." (Greene Decl., Ex. B pg. 7, ECF No. 43-1).  The address and CPCN number on this document are the same as those listed on Plaintiff's Orientation packet. (*Id.*).  The document contains the following opening line: "It is the policy of Executive Las Vegas and Coach & Carriage to maintain…." (*Id.*).  Finally, Plaintiff's payment detail is entitled "Executive Las Vegas CPCN 1062." (Greene Decl., Ex. C pg. 9, ECF No. 43-1).

## DISCUSSION

Bentley argues that it has repeatedly pointed out that Plaintiff has not named a correct defendant yet Plaintiff has done nothing to remedy the defect.  Bentley claims that Plaintiff did not investigate the facts before filing suit and that Plaintiff's complaint is a copied and pasted complaint from a similar suit.  The incorrect CPCN number in the

Complaint is evidence of that as the CPCN number cited in Plaintiff's Complaint belongs to Bell Trans, a defendant in another similar suit.  Bentley argues that since it has repeatedly pointed out the defect and Plaintiff has not taken any action to correct it, the case should be dismissed or summary judgment should be granted.  *See, e.g.*, *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993) (dismissing case after plaintiff failed to remedy real party in interest after defect raised by court); *South African Marine Corp. v. United States*, 640 F. Supp. 247, 254-55 (Ct. Int'l Trade 1986) (dismissal appropriate because plaintiff had "[s]ufficient time . . . to have rectified any mere inadvertence or technicality.").

Plaintiff argues that Bentley is not a party at all to this suit and it has never moved to intervene pursuant to Fed. R. Civ. P. 24.  Plaintiff only named one defendant "Executive Coach and Carriage" and named Doe defendants so that he could amend his complaint to add unknown actual legal entities.  Plaintiff further argues that Defendant is playing a corporate shell game and if it knew that Plaintiff was never employed by Bentley then Bentley should have mentioned this in its previous two motions to dismiss/summary judgment filings.  Further, the first appearance by any defendant in this suit was a stipulation in which James Jimmerson and Mario Lovato filed as "Attorneys for Defendant, Executive Coach and Carriage."  However these same attorneys now argue that Executive Coach and Carriage is not the correct name.

Obviously, these entities, including Jacob Transportation and Bentley Transportation, are not completely unrelated but are somehow connected.  Plaintiff claims he worked for a company named "Executive."  Plaintiff's exhibits mention Jacob Transportation, LLC, Executive Las Vegas and Coach and Carriage.  Plaintiff also declares that Carol Jimmerson is the CEO of the company he worked for.  Carol Jimmerson admits in her declaration that she is the CEO of Bentley but that she also

manages and oversees the operations of Jacob Transportation. (Carol Jimmerson Decl. ¶ 1, pg. 1, ECF No. 39-1). The attorney for Bentley in this case is the same attorney for Jacob Transportation in another suit filed in this district. (*See* Case Number 2:09-cv-1100-GMN-PAL).

Bentley also argues in its Reply that Plaintiff worked for Jacob Transportation and that Plaintiff has subsequently become a party in a suit against Jacob Transportation, case number 2:09-cv-1100-GMN-PAL. Bentley asserts that this is grounds for dismissal because Plaintiff cannot maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007). Bentley has not sufficiently established that it is not a proper party to the instant suit as its d/b/a, Executive Coach and Carriage, is listed in Plaintiff's Orientation packet. Likewise, Bentley has not sufficiently established that Plaintiff worked only for Jacob Transportation.[1]

Fed. R. Civ. P. 42 allows the court to join for trial any or all matters at issue in the actions that involve a common question of law or fact. The issues and claims in the two cases involve the same questions of law regarding plaintiffs' rights to receive from these same defendants a minimum wage, overtime pay and related claims under the Fair Labor Standards Act of 1938, as amended.[2] Therefore, the Court is granting Jacob Transportation's Motion to Sever in case number 2:09-cv- 01100-GMN-PAL but that case will not be assigned an entirely new case number. In order to simplify the confusion that the parties have created in the present case, the Court will consolidate this case with the newly severed Jacob Transportation case. Then, discovery will best serve to clarify

---

[1] Even though Plaintiff has not named Bentley as a party they have intervened on behalf of Executive Coach and Carriage by filing motions in the present suit making it appear as though it has some interest in this litigation.
[2] Plaintiffs' Complaint in 09-cv-0466-GMN-RJJ also included claims under Nevada State Law. However, all the state law claims were dismissed in 09-cv-0466-GMN-RJJ pursuant to Court Orders ECF No. 16 and ECF No. 31.

who are the actual correct parties to the suit and the Court will determine what action to take at that time to rectify the matter.[3]

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendant Bentley Transportation, LLC d/b/a Executive Coach and Carriage's Motion to Dismiss/Motion for Summary Judgment (ECF No. 39) is **DENIED without prejudice.**

IT IS FURTHER ORDERED that this case is consolidated with the case against Jacob Transportation, LLC which was originally filed in case 09-cv-1100-GMN-PAL but has recently been severed. This instant case, 09-cv-00466-GMN-RJJ shall serve as the base case.

DATED this 3rd day of March, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[3] Fed. R. Civ. P. Allows that court to add or drop a party at any time.