UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT A. GREENE, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br>   vs.<br><br>EXECUTIVE COACH AND CARRIAGE, a Nevada Corporation; DOES 1-50, inclusive,<br><br>               Defendants. | Case No.: 2:09-cv-00466-GMN-RJJ<br><br>**ORDER** |

## **INTRODUCTION**

Before the Court is Plaintiff Robert A. Greene's Motion to Reconsider (ECF No. 45). Defendant Bentley Transportation, LLC dba Executive Coach and Carriage filed a Response and a Countermotion to Strike Plaintiff's Motion (ECF No. 46 & 47). Plaintiff Robert Greene filed a Reply and a Response to Defendant's Motion to Strike (ECF No. 48 and 49). Defendant filed a Reply to the Motion to Strike (ECF No. 50).

## **FACTS AND BACKGROUND**

On March 10, 2009, Plaintiff Robert A. Greene filed the present lawsuit individually and on behalf of all persons who have worked for Defendant Bentley Transportation Services dba Executive Coach & Carriage ("Defendant") within the last three years. Plaintiff asserts several claims against Defendant: (1) failure to pay the minimum wage under Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime under the FLSA; (3) liquidated damages under the FLSA; (4) failure to pay for all hours worked under Nevada Revised Statute 608.016; (5) failure to pay the minimum wage under Article 15, § 16 of the Constitution of the State of Nevada; (6) failure to pay

overtime under Nevada Revised Statute 608.100(1)(b); (7) waiting penalties under Nevada Revised Statute 608.040; and (8) improper wage deductions under Nevada Revised Statute 608.100.

Defendant filed a Motion to Dismiss Plaintiff's state law claims (ECF No. 6) and the Court granted Defendant's motion (ECF No. 16). The Honorable Judge Robert C. Jones dismissed Plaintiff's minimum wage claims under N.R.S. § 608.250(2), overtime pay claims under N.R.S. § 608.018, improper wage deduction claims under N.R.S. 608.100(2) and waiting penalty claims under N.R.S. § 608.040 on November 10, 2009. (ECF No. 16). Defendant then filed a Motion for Summary Judgment as to Plaintiff's remaining state law based claims (ECF No. 20). Judge Jones again granted Defendant's Motion on June 9, 2010 (ECF No. 31) after holding a hearing regarding the motion on May 10, 2010 (ECF No. 28) dismissing Plaintiff's claims under N.R.S. § 608.016.

Plaintiff's instant Motion to Reconsider asks the Court to modify its order holding that Plaintiff's state-law claims under N.R.S. § 608.016 fail as a matter of law.[1] Plaintiff attaches to his motion arguments put forth by the plaintiff in *Lucas v. Bell Trans*, 2:08-cv-01792-GMN-RJJ opposing a motion for summary judgment on plaintiff's state law claims in that case. Defendant motions the Court to strike Plaintiff's attachments as they are irrelevant to the instant case.

## DISCUSSION

A.   **Legal Standard**

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . ." *Smith v. Massachusetts*, 543 U.S.

---

[1] Plaintiff incorrectly indicates that this Order is located at ECF No. 33 on the Court's Docket and that the Order is dated July 8, 2010. The Order that held that Plaintiff's state-law claims fail as a matter of law under § 608.016 is at ECF No. 31 and was filed on June 9, 2010.

462, 475, 125 S. Ct. 1129, 1139 (2005) (internal quotes omitted).  The court's inherent power extends to prior rulings in the same litigation, even if made by a district judge previously presiding in the case. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Reconsideration of a grant of summary judgment is appropriate where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**B.    Analysis**

Plaintiff does not present the Court with any newly discovered evidence or indicate that there is an intervening change in the controlling law.  Plaintiff instead argues that the Court committed clear error and that the initial decision was manifestly unjust. Plaintiff asks the Court to review Judge Jones' Order *de novo*.  Plaintiff attaches an argument from another case before this same Court to explain that Judge Jones' ruling was flawed, instead of explaining to the Court how it committed clear error on the facts of this case.

Defendant motions the Court to strike Plaintiff's attached arguments as irrelevant. The Court sees no reason to strike Plaintiff's attached arguments if they can shed light on any injustice or error that the Court may have committed.

The Court has reviewed Judge Jones' ruling and the arguments presented by Plaintiff and has not found any reason to overturn this Court's previous Order.  Judge Jones provided a thorough analysis of the statute in question and applied them to the facts of this case to rule that Plaintiff did not have a cause of action as a matter of law.

Plaintiff cannot rely on an argument from a factually dissimilar case to assume that the Court must be in error in the present case. Judge Jones distinguished the differences of the two cases in his Order to the satisfaction of this Court. The Court does not find any clear error in Judge Jones' reasoning or that his ruling is manifestly unjust. Accordingly, Plaintiff's Motion to Reconsider is **DENIED**.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider (ECF No. 45) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF No. 47) is **DENIED**.

DATED this 7th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge