UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. GREENE, | |
| Plaintiff, | 2:09-cv-466-GMN-RJJ |
| vs. | O R D E R |
| | Plaintiff's Motion for Leave to File First Amended Complaint (#82) |
| EXECUTIVE COACH AND CARRIAGE, | |
| Defendant, | Plaintiff's Motion to Strike Defendant's Opposition (#103) |

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (#82) and Plaintiff's Motion to Strike Defendant's Opposition (#103). The Court also considered Defendant's Opposition to the Motion to Amend (#97) and Plaintiff's Reply (#95). The Court also heard oral argument on both motions.

**BACKGROUND**

This is a Federal Labor Standards Act case. Plaintiff, Robert G. Greene, alleges that he was denied compensation in violation of the FLSA by his employer while working as a limousine driver. He moves the Court to grant permission to correct his middle initial in the case caption from "A" to "G." He also asserts that he only recently became aware that he was actually employed by Jacob Transportation and not Executive Coach and Carriage. Consequently, he now seeks to add Jacob Transportation as a named defendant in the case. Greene also seeks to add James and Carol Jimmerson, owners of Jacob Transportation, as named defendants in the case. Finally, Greene asks the Court to reinstate his dismissed state law claims against Jacob Transportation. Greene also asks the Court to strike Defendant's Response (#97) as untimely.

Executive Coach opposes the motion.

## **DISCUSSION**

### I. From "A" to "G"

As a preliminary matter, the motion to correct the Plaintiff's name by changing his middle initial from "A" to "G" is granted. However, the Court is astounded that such a small, housekeeping item would require a motion to the Court instead of a stipulation. At the hearing, counsel for Greene, Joshua D. Buck of the Thierman Law Firm, stated that he did not seek a stipulation from the Defendants because the litigation was contentious. There is nothing in the Federal Rules or anywhere else that states that opposing attorneys need not work with each other if the litigation is "contentious" and such an assertion is unreasonable. This part of the motion does nothing but multiply the proceedings. Defense counsel indicated that he had no objection to the change.

### II. Whether James Jimmerson and Carol Jimmerson May be Added as Named Defendants

Where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). When determining whether an individual in an employer under the FLSA, the court looks at the whole activity rather than any factor in isolation. *Id*. Some factors to consider include whether the individual has significant control of day-to-day functions, the power to hire and fire, the power to determine salaries, and the responsibility of keeping employment records. *Id*.

When a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must first satisfy the stringent "good cause" standard of FED. R. CIV. P. 16(b), not the more liberal standard of FED. R. CIV. P. 15(a). *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Contrary to FED. R. CIV. P. 15(a)'s relaxed amendment policy, FED. R. CIV. P. 16(b)'s "good cause" standard centers on the moving party's diligence in pursuit of modification of the scheduling order.

- 2 -

1  *Johnson*, 975 F.2d at 609.  Only after the moving party satisfies the good cause standard of FED.
2  R. CIV. P. 16 does the Court examine whether the amendment is proper under FED. R. CIV. P.
3  15(a).  *Id.* at 607-08 ("the evaluation of good cause is not coextensive with an inquiry into the
4  propriety of the amendment under Rule 15").  The good cause standard centers primarily on the
5  diligence of the party seeking the amendment.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,
6  1294 (9th Cir. 2000). If the moving party was not diligent, the inquiry should end.  *Zivkovic v. S.*
7  *California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.
8  Additionally, although FED. R. CIV. P. 16(b) does not require a showing of prejudice, the Court
9  may consider whether prejudice would result to the party opposing amendment in making its
10 good cause determination. *Coleman*, 232 F.3d at 1295.

11      Here, the deadline for amending pleadings was extended by Order (#81) to June 15, 2011.
12 Plaintiff filed his Motion to Amend (#82) the same day the extension was granted, June 21, 2011.
13 Therefore, even with the extension, Plaintiff's Motion to Amend (#82) is untimely and must
14 satisfy the good cause standard or FED. R. CIV. P. 16. That is, Greene must demonstrate that he
15 was diligent in pursuing an amendment and complying with the Court's schedule. He has not
16 made such a showing.

17      Plaintiff merely asserts that "[b]ased on recent discovery, Plaintiff reasonably believes
18 Jim Jimmerson and Carol Jimmerson exert sufficient control ... to create employer status under
19 the FLSA." Plaintiff's Motion to Amend (#82) at 8 ll. 14-17. However, Greene provides no
20 support for this assertion in his motion, either by affidavit or attachment of the recent discovery
21 produced. Without this information, the Court cannot make a determination whether James
22 Jimmerson or Carol Jimmerson qualify as employers under the FLSA utilizing the factors
23 outlined in *Boucher*. Thus, Greene has failed to demonstrate good cause to amend the complaint
24 in order to add the Jimmersons as named defendants.

25 **III. Whether Jacob Transportation May be Added as Named Defendant**

26      Greene asserts that it brought the current motion "immediately upon receiving
27 documentary evidence indicating that Jacob was Plaintiff's employer" and that Defendant "did
28 not reveal any documentation indicating that Jacob was Plaintiff Greene's employer until after

1  this Court denied its latest motion for summary judgment." Plaintiff's Motion (#82) at 6. The
2  order to which Plaintiff refers, Order (#54), was issued March 4, 2011.
3        This assertion is somewhat baffling because on December 2, 2009, Greene executed a
4  consent to sue in another FLSA case for the same time period as this case, involving the same
5  claims in which Jacob Transportation is named as a defendant. Consent to Become Party
6  Plaintiff, Attached as Exhibit 2 to Defendant's Response (#97). Furthermore, Greene's own
7  employment application under the heading "Employment Application" contains the following:
8  "Jacob Transportation Services, LLC DBA Executive Las Vegas CPCN 1062." Employment
9  Application at EC&C 0008, Attached as Exhibit 2 to Plaintiff's Motion (#82). Furthermore, each
10 one of his payroll stubs has Jacob Transportation at the top. Personal Earning Statements at
11 EC&C 0001-6, Attached as Exhibit 2 to Plaintiff's Motion (#82). With that it mind, it is difficult
12 to believe that Greene did not know who he was employed by or that such a revelation came as
13 an unexpected shock. This is information that Plaintiff and his attorneys should have known if
14 they had been diligent in speaking with their own client and pursuing the case. Greene has failed
15 to show good cause why his complaint should be amended because he was not diligent.
16 If the moving party was not diligent, the inquiry ends. *Zivkovic v. S. California Edison Co.*,
17 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

18 **IV.  State Law Claims Against Jacob Transportation**

19       Because Jacob Transportation cannot be added to the case, there is nothing that would
20 justify a renewal or reinstatement of the state law claims. Even if those parties could be added as
21 named defendants, the state law claims could not be included in the amended complaint because
22 the state law claims have already been dismissed as a matter of law (Order #16). When the case
23 was reassigned from Judge Robert C. Jones to Judge Gloria M. Navarro, Plaintiff filed a Motion
24 to Reconsider (#45). That motion was denied in an Order (#55) where Judge Navarro held that
25 "Judge Jones provided a thorough analysis of the statute in question and applied them to the facts
26 of this case to rule that Plaintiff did not have a cause of action as a matter of law." Order (#55) at
27 3.
28       At the hearing, counsel for Greene, Joshua Buck, admitted that adding or substituting

- 4 -

1  Jacob Transportation in place of the current legal entity would not result in any factual
2  differences. As there are no factual differences and Plaintiff cites or provides no newly
3  discovered evidence or intervening change in the controlling law, there is no reason the state law
4  claims should be renewed against Jacob Transportation.

"[F]utile amendments should not be permitted." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). Plaintiff interprets *DCD Programs* as "recognizing that an amendment is futile only if it would clearly be subject to dismissal." Plaintiff's Motion (#82) at 10 ll. 12-13. Plaintiff's motion for amendment is clearly subject to dismissal and is futile. It does nothing but unreasonably multiply the proceedings and does not facilitate "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

### V. Plaintiff's Motion to Strike (#103)

This motion seeks to strike Defendant's Response (#97) for being untimely. This is troubling, especially given the fact that Plaintiff's own Motion to Amend (#82) is untimely. At the hearing, Plaintiff could not explain why his Motion (#82) should be entertained while Defendant's Response (#97) should not. Doing so would not be just. The Court denied Plaintiff's oral motion to file a supplemental written reply. Plaintiff's Motion (#103) does nothing but unreasonably multiply the proceedings. It is a frivolous motion that should never have been filed.

### VI. 28 U.S.C. § 1927 Sanctions

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The key term in the statute is "vexatiously." *In re Girardi*, 611 F.3d 1027, 1060 (9th Cir. 2010)[1]. Carelessly, negligently, or unreasonably multiplying the proceedings is not enough. *Id*. Ninth circuit case law is unclear as to whether a finding of mere recklessness alone is enough to

---

[1] This case was amended September 10, 2010. The amendment is factual only, and has no bearing on any holding in the case. *See In re Girardi*, — F.3d — ; 2010 WL 3517899 (9th Cir. 2010).

1  warrant sanctions or whether there must be a finding of subjective bad faith. *In re Girardi*, 611

2  F.3d at 1061. However, it is clear that: (1) recklessly or intentionally misleading the court, or (2)

3  a finding that the attorney recklessly raised a frivolous argument, are sufficient to impose

4  sanctions under § 1927. *Id.* Therefore, if an argument is reckless and frivolous, § 1927 sanctions

5  are justified. *Id.*

6  Greene's Motion to Amend (#82) and Motion to Strike (#103) are reckless, frivolous

7  motions that are appropriate for § 1927 sanctions. In both cases, the relief sought by Plaintiff is

8  either contrary to law, the facts or both. The non-frivolous part of the motion, correcting

9  Plaintiff's middle initial, could have been done through stipulation rather than filing unnecessary

10  motions on the court docket. Such practice is not acceptable.

11  Therefore, the Thierman Law Firm is liable for and will pay all of Defendant's costs,

12  expenses, and attorney's fees related to Plaintiff's Motion to Amend (#82) and Plaintiff's Motion

13  to Strike (#103). Defendant is to file an affidavit of costs within 7 days of this order. Plaintiff

14  shall have 7 days to respond.

## CONCLUSION

16  Based on the foregoing, and good cause appearing therefore,

17  IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File First Amended

18  Complaint (#82) is **DENIED** in part and **GRANTED** in part. Plaintiff's motion is granted only

19  as to the correction of Plaintiff's middle initial and is denied in all other respects.

20  IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Opposition

21  (#103) is **DENIED**.

22  IT IS FURTHER ORDERED that Plaintiff shall be **SANCTIONED** pursuant to 29

23  U.S.C. § 1927. The Thierman Law Firm is liable for and will pay all of Defendant's costs,

24  expenses, and attorney's fees related to Plaintiff's Motion to Amend (#82) and Plaintiff's Motion

25  . . . .

26  . . . .

27  . . . .

28  . . . .

1 to Strike (#103). Defendant is to file an affidavit of costs within 7 days of this order. Plaintiff
2 shall have 7 days to respond.
3    DATED this   31st   day of August, 2011.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge