1  Mark Thierman, NV Bar No. 8285
   Joshua Buck, NV Bar No. 12187
2  THIERMAN BUCK LLP
   7287 Lakeside Drive
3  Reno, Nevada  89511
   Tel: (775) 284-1500
4  Fax: (775) 703-5027
5
   Jason Kuller, NV Bar No. 12244
6  KULLER LAW PC
   10775 Double R Blvd.
7  Reno, Nevada  89521
   Tel: (855) 223-2677
8  Fax: (855) 810-8103
9
10 Attorneys for Plaintiffs
11
12
                 UNITED STATES DISTRICT COURT
13
                     DISTRICT OF NEVADA
14
15
   ROBERT GREENE, THOMAS SCHEMKES,)   Lead Case No. 2:09-CV-00466-GMN-CWH
16 and GREGORY GREEN on behalf of      )   *Consolidated with:*
   themselves and all others similarly situated,  )   Member Case No. 2:11-CV-00355-JAD-NJK
17                                      )
18               Plaintiffs,            )   **NOTICE OF MOTION AND MOTION**
       v.                               )   **FOR LEAVE TO FILE FIRST**
19                                      )   **AMENDED CONSOLIDATED CLASS**
   JACOB TRANSPORTATION SERVICES,      )   **AND COLLECTIVE ACTION**
20 LLC, a Nevada Corporation, doing business  )   **COMPLAINT PURSUANT TO**
   as Executive Las Vegas; JAMES        )   **FEDERAL RULES OF CIVIL**
21 JIMMERSON, an individual, CAROL      )   **PROCEDURE 15(a) AND 60(b)**
   JIMMERSON, an individual, and Does 1-50,  )
22 Inclusive                            )
                   Defendants.          )
23 _____ )
24
25
26
27
28

                              1

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL:

Consolidated Plaintiffs Robert Greene, Thomas Schemkes, and Gregory Green ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys of record, hereby move this Court to allow the late filing of Plaintiffs' First Amended Consolidated Class and Collective Action Complaint ("Consolidated Complaint"), attached hereto as Exhibit A. Plaintiffs' Consolidated Complaint was originally ordered by the Court to be filed on October 19, 2015. (ECF No. 200.) For the reasons stated herein, Plaintiffs hereby request leave to file their Consolidated Complaint pursuant to Federal Rules of Civil Procedure 15(a) and 60(b).

This Motion is based on this Notice and Motion, the foregoing Memorandum of Points and Authorities, Plaintiffs' Consolidated Complaint (attached as Exhibit A), the Declaration of Jason Kuller (attached as Exhibit B), all the files and records of this consolidated action and any predecessor or related action, and any additional material that may be submitted or heard prior to the Court's decision on this Motion.

Respectfully submitted:

THIERMAN BUCK LLP
KULLER LAW PC

DATED: November 15, 2015        By:    /s/ Jason Kuller
                                                    Attorney for Plaintiff

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND BACKGROUND

These consolidated cases have been pending over six years since 2009.  In all that time, Defendants have never filed an answer in Lead Case No. 2:09-CV-00466-GMN-CWH.  More recently, Defendants refused to accept and otherwise evaded service of Plaintiff Greene's First Amended Class Action Complaint in the Lead Case.  (*See* ECF Nos. 194, 197-99.)

On September 17, 2015, the Court held a joint status conference for both the Lead Case and Member Case No. 2:11-CV-00355-JAD-NJK.  (*See* ECF No. 196.)  On September 28, 2015, the Court issued an Order Consolidating Cases ("Order") consolidating the Lead and Member Cases.  (*See* ECF No. 200.) Among other things, the Court's Order directed Plaintiffs to file an amended consolidated complaint within 21 days, which was October 19, 2015.  (*Id.* at 3.) Due to mistake, inadvertence, surprise, or excusable neglect, counsel did not learn of the Court's Order until approximately 10:25 PM on November 10, 2015.  (*See* Declaration of Jason Kuller ["Kuller Decl."], attached hereto as Exhibit B, at ¶¶ 3-5.)  At that time, Plaintiffs' counsel was committed to other business the next business day and on his way out of the country from November 12 to 15.  (*See id.* at ¶¶ 6-7.)  Upon his return to the United States on November 15, 2015, counsel prepared the Consolidated Complaint, the accompanying Declaration, and the instant Motion.  (*See id.* at ¶ 9.)

By this Motion, Plaintiffs seek an order from the Court granting leave to file the Consolidated Complaint twenty-eight days beyond the October 19th deadline originally imposed by the Court.  (*See* ECF No. 200.)  Leave should be granted pursuant to both Federal Rules of Civil Procedure 15(a) and 60(b).

/ / /

/ / /

## II.    LEAVE SHOULD BE GRANTED UNDER THE LIBERAL PLEADING STANDARD OF RULE 15(a).

Federal Rule of Civil Procedure15 provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a).   "[T]here exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis added); *see also Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1530 (9th Cir. 1995) (reviewing denial of leave to amend "light of the strong policy permitting amendment").  The United States Supreme Court has stated that leave should be readily granted because a plaintiff "ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  Exceptions to the strong presumption in favor of permitting leave to amend a complaint are available only if the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party.  *See id*.  None of those factors are present here.  (*See* Kuller Decl. at ¶¶ 2-14.)  In fact, Plaintiffs' Consolidated Complaint is intended to satisfy the Court's Order consolidating – and thereby simplifying – the Lead and Member Cases.  (*See* ECF No. 200.)

## III.    LEAVE IS ALSO WARRANTED UNDER RULE 60(b)(1) DUE TO "MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT."

Federal Rule of Civil Procedure 60(b)(1) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding on the basis of mistake, inadvertence, surprise, or excusable neglect.   *See* Fed. R. Civ. P. 60(b)(1).  Under Rule 60(b)(1), "excusable neglect" covers situations in which the failure to comply with a filing deadline is attributable to counsel's negligence or carelessness. *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997).  The determination whether neglect is excusable is an equitable

one depending on four non-exhaustive factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See id.* Here, all four factors weigh in favor of granting leave to allow the filing of Plaintiffs' Consolidated Complaint. *See generally Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000) (finding district court abused its discretion in denying relief under Rule 60(b)(1) where plaintiff failed to timely respond to summary judgment motion in employment discrimination action and such failure occurred because plaintiff's attorney went to Nigeria for 19 days, and then did not contact court until 16 days after his return, constituting "excusable neglect").

First, there is no prejudice to Defendants who have never filed an answer in the Lead Case in over six years of litigation. Defendants cannot show prejudice from having to file an answer a mere 28 days beyond the original timeline set by the Court. This 28-day delay has practically no impact on the proceedings, which again have been pending over six years. Indeed, the extended duration of these proceedings owes much to the dilatory tactics of Defendants. Finally, the reason for the delay is counsel's mistake, inadvertence, surprise, or excusable neglect, and counsel has acted diligently in good faith to file the Consolidated Complaint at the earliest possible opportunity. (*See* Kuller Decl. at ¶¶ 2-14.)

## IV.   CONCLUSION

For all these reasons, the Court should grant Plaintiffs leave to file their Consolidated Complain in order to allow the Lead and Member Cases to be decided on their merits. *See Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (stating that there is a public policy favoring disposition of cases on their merits and this is one factor to be considered by court in weighing whether to dismiss a case for failure to comply with pretrial procedures mandated by local rules and court orders).

Dated this 15th day of November, 2015.

THIERMAN BUCK LLP
KULLER LAW PC

By: /s/ Jason Kuller
Attorney for Plaintiff

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 202) is **GRANTED**. The Clerk of Court shall file the Proposed Amended Complaint (ECF No. 202-1) attached as Exhibit A to the motion on the docket as Plaintiff's First Amended Complaint.

Plaintiff's counsel is warned that failure to comply with future deadlines in this case may result in sanctions, including dismissal of the case with prejudice.

**Dated** this _____18_____ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

4