**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT G. GREENE, *et al.*, )<br><br>               Plaintiffs, )<br>   vs. )<br><br>JACOB TRANSPORTATION SERVICES, )<br>LLC, *et al.*, )<br><br>              Defendants. )<br>_____ ) | Case No.: 2:09-cv-00466-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 222), filed by Defendants Carol Jimmerson and James Jimmerson (collectively "the Jimmersons"), to which Plaintiffs Robert G. Greene ("Greene"), Thomas Schemkes, and Gregory Green (collectively "Plaintiffs") filed a Response, (ECF No. 225).

Also pending before the Court is the Motion to Dismiss filed by the Jimmersons and Defendant Jacob Transportation Services, LLC ("Jacob Transportation") (collectively "Defendants"), to which Plaintiffs filed a Response, (ECF No. 239). Defendants did not file a reply to either Response, and the deadline to do so has passed. For the reasons discussed below, the Motions to Dismiss are both GRANTED in part and DENIED in part.

**I.     BACKGROUND**

On March 10, 2009, Greene initiated this case alleging state law minimum wage claims and federal claims under the Fair Labor Standards Act ("FLSA") against Executive Coach & Carriage ("Executive"). (*See* Compl., ECF No. 1). Discovery later revealed that Executive was actually the dba of Bentley Transportation Services, LLC ("Bentley Transportation"). (*See* Order 1:23–24, ECF No. 16).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Following a series of motions, the Court dismissed Greene's state law claims.  First, Judge Jones, to whom this case was originally assigned, held that Greene's "state law minimum wage claim must be dismissed because limousine drivers are specifically excluded from Nevada's minimum wage laws under Nevada Revised Statute 608.250(2)(e)." (*Id.* 3:20–22, ECF No. 16).  Further, Judge Jones held that NRS § 608.250(2)(e) was not impliedly repealed by the Nevada Minimum Wage Amendment passed in 2006. (*Id.* 3:22–4:2).  In that same Order, Judge Jones dismissed Greene's state law overtime claim, improper wage deduction claim, and claim for waiting penalties, holding that the statute upon which Greene based those claims, NRS § 608.100, did not confer a private right of action. (*Id.* 10:2–12:15).  Judge Jones later granted judgment on Greene's only remaining state law claim, failure to pay for all hours worked pursuant to NRS § 608.016. (Order 7:7–8, ECF No. 31) ("[Greene's] claims based on § 608.016 are inapplicable to commission-based pay structures like the one entered into by [Greene] and [Bentley Transportation].").

On July 9, 2010, after the state claims had been dismissed, Bentley Transportation filed a Motion to Dismiss/Motion for Summary Judgment on Greene's remaining FLSA claims, alleging that Greene had named the wrong party as his employer. (*See* Mot. to Dismiss, ECF No. 39).  Bentley Transportation's Reply further clarified that Greene's true employer was Jacob Transportation and argued that no amendment could cure the Complaint because Greene had in the meantime opted into another suit against Jacob Transportation, *Schemkes v. Presidential Limousine*, No. 09-cv-01100-GMN-PAL (D. Nev.), that raised only FLSA claims. (Reply 3:8–21, ECF No. 44).  The Court denied Bentley Transportation's Motion and, "[i]n order to simplify the confusion that the parties have created in the present case," consolidated Greene's case with the portion of the *Schemkes* litigation involving Jacob Transportation. (Order 4:20–22, ECF No. 54).

1    Discovery in *Greene* was scheduled to close on June 15, 2011, but Greene moved on

2    May 25, 2011, to modify the Court's Scheduling Order. (*See* Mot. to Extend Time, ECF No.

3    73).  Specifically, Greene proposed August 31, 2011, as the new discovery cut-off date and

4    June 15, 2011, as the deadline for any motion to amend or supplement the pleadings. (*Id.*).

5    Magistrate Judge Johnston granted Greene's Motion on June 21, 2011. (Order, ECF No. 73).

6    That same day, Greene filed a Motion for Leave to Amend to substitute Jacob Transportation

7    for Bentley Transportation and to add the Jimmersons "as joint employer party defendants."

8    (*See* Mot. for Leave to File 8:10, ECF No. 82).  The Motion further alleged that:

9    
10   > Jim Jimmerson is the sole owner, founder, and managing member of
     > Jacob, whereas his wife Carol Jimmerson is Jacob's CEO. Between
     > them, Jim Jimmerson and Carol Jimmerson are solely responsible for
11   > the terms and conditions of Plaintiff's employment, including the
     > payment of and deductions from Plaintiff's wages.

12

13   (*Id.* 9:12–16).

14   On August 31, 2011, Magistrate Judge Johnston denied Greene's Motion after applying

15   Rule 16(b) rather than Rule 15 and concluding that Greene had failed to show "good cause" for

16   the untimely amendment. (Order, 2:22–3:24, ECF No. 113).  Magistrate Judge Johnston also

17   awarded sanctions under 28 U.S.C. § 1927. (*Id.* 6:6–14).  The Court ultimately dismissed the

18   case because Greene had named the wrong party and because he was already suing the proper

19   party in *Schemkes*. (Order 3:2–5:4, ECF No. 159).  As a result, the Court unconsolidated the

20   *Schemkes* case and ordered that the Clerk of Court refile it under Case No. 11-cv-00355. (*Id.*

21   9:25–10:4).

22   Greene appealed the Court's dismissal of his state law wage claims and denial of his

23   Motion to Amend the FLSA claims so as to name the correct entity. (*See* Notice of Appeal,

24   ECF No. 163).  On January 27, 2015, the Ninth Circuit issued a Memorandum reversing and

25   remanding the case back to this Court. (*See* Mem. Op., ECF No. 170).  Specifically, the Ninth

1 │ Circuit reversed the Court's dismissal of Greene's claim under the Nevada Minimum Wage

2 │ Amendment in light of an intervening case issued by the Nevada Supreme Court, *Thomas v.*

3 │ *Nevada Yellow Cab Corp.*, 327 P.3d 518 (Nev. 2014). (*Id.* ¶ 1).  Next, the Ninth Circuit held

4 │ that the Court "erred in finding that § 608.016 does not apply to commission-based pay

5 │ arrangements." (*Id.* ¶ 2).  Finally, the Ninth Circuit reversed the Court's decision denying

6 │ Greene's Motion for Leave to Amend for holding Greene to a "deadline with which Greene of

7 │ course *could not* have complied" and ordered that "on remand Greene will be allowed to file an

8 │ amended complaint." (*Id.* ¶ 3).

9 │      On March 27, 2015, Greene filed his Amended Complaint, (ECF No. 175), against

10 │ Jacob Transportation and the Jimmersons.  Subsequently, the Court again ordered the

11 │ consolidation of Greene's case and the *Schemkes* case and required Plaintiffs to file a new

12 │ consolidated complaint. (Order, ECF No. 200).  Pursuant to the Court's Order, Plaintiffs filed

13 │ their First Amended Consolidated Complaint ("FACC"), (ECF No. 204), alleging the following

14 │ causes of action: (1) failure to pay minimum wages under the FLSA, 29 U.S.C. § 206; (2)

15 │ failure to pay minimum wages under the Nevada Constitution, art. XV, § 16; (3) failure to pay

16 │ overtime wages under the FLSA, 29 U.S.C. § 207(a)(1); (4) failure to pay overtime wages

17 │ under Nevada law, NRS § 608.100(1)(b); (5) failure to pay for each hour worked under Nevada

18 │ law, NRS § 608.016; (6) improper wage deductions under Nevada law, NRS § 608.100(2); (7)

19 │ waiting penalties under Nevada law, NRS § 608.020; and (8) liquidated damages under the

20 │ FLSA, 29 U.S.C. § 216(b). (*See* FACC ¶¶ 32–99).

21 │      In the instant Motions to Dismiss, Defendants seek, *inter alia*, dismissal of Plaintiffs'

22 │ state law claims.

23 │ **II.**      **LEGAL STANDARD**

24 │      Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

25 │ which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

The Court first considers the Motion to Dismiss filed by the Jimmersons, (ECF No. 222), then turns to the Motion to Dismiss filed by Defendants collectively, (ECF No. 236).

### A.   The Jimmersons' Motion to Dismiss (ECF No. 222)

The Jimmersons' Motion asserts three grounds for dismissal.  First, the Jimmersons argue that the FACC improperly names them as parties to this action in contravention of the Ninth Circuit's decision.  Specifically, the Jimmersons argue that "[t]he Ninth Circuit did not

1   find error in disallowing leave to add the Jimmersons as party-defendants in the Greene case, as

2   no such argument was presented to it at all." (Jimmersons' MTD 3:12–14, ECF No. 222).

3   However, the issue presented to the Ninth Circuit was not so narrow.[1]  As to this issue, Greene

4   merely asked the Ninth Circuit to determine whether the Court erred by not allowing Greene

5   leave to amend. Brief for Appellant at 8, *Greene v. Exec. Coach & Carriage*, No. 12-17306

6   (9th Cir. Feb. 22, 2013).  This broad complaint necessarily encompasses Greene's more

7   specific complaint that he was denied leave to add the Jimmersons as defendants.  Greene thus

8   need not have specifically mentioned the Jimmersons to the Ninth Circuit at all.[2]

9       Accordingly, because the Ninth Circuit found fault with the Court's denial of Greene's

10  Motion to Amend, the Ninth Circuit necessarily "[found] error in disallowing leave to add the

11  Jimmersons as party-defendants." (Jimmersons' MTD 3:12–13).  Indeed, the Court's Order re-

12  consolidating this case and the *Schemkes* case specifically recognized that any amended

13  complaint would include claims against the Jimmersons. (*See* Order 2:11–23, ECF No. 200).

14  There, the Court ordered Plaintiffs to "file an Amended Complaint" including only "the FLSA

15  claims asserted in [the *Greene* case] and [the *Schemkes* case] as well as the Nevada Minimum

16  Wage and NRS § 608 claims asserted in [the *Greene* case] ***against JTS and Jim and Carol***

17  ***Jimmerson***." (*Id.*) (emphasis added).  The claims asserted in the FACC are limited only to

18

19  _____

20  [1] Throughout the Motion to Dismiss, Defendants' counsel, Mario Lovato ("Lovato"), mischaracterizes the Ninth
    Circuit Memorandum, which merely reversed dismissal of Greene's state law claims and instructed the Court to
21  allow Greene to file an amended complaint. (*See* Jimmersons' MTD 9:23–24, 10:20) ("[T]he Circuit Court found
    that Greene should have been allowed to change the entity defendant from 'Executive Coach and Carriage' to
22  Jacob Transportation Services, LLC."; "Greene was given leave to sue one party, Jacob Transportation services,
    LLC.").  The Court reminds Defendants' counsel of the Ninth Circuit's admonition regarding similar
23  mischaracterizations: "This court is not in a position to examine the ethical dimension of Lovato's conduct in the
    district court, but it advises Lovato to do so." *Greene v. Exec. Coach & Carriage*, No. 12-17306, Dkt. No. 51
24  (9th Cir. July 22, 2015).

25  [2] Moreover, Greene did argue on appeal that "justice required joining additional real parties in interest."
    (Jimmersons' MTD 8:28).  "[R]eal parties in interest" clearly include the Jimmersons.

1 these claims. Accordingly, the Court finds that Greene's FLSA and Nevada state claims are

2 properly asserted against the Jimmersons.

3      Next, the Jimmersons argue that the claims against them are barred by the statute of

4 limitations. (Jimmersons' MTD 12:22–13:20). Specifically, the Jimmersons contend that "[f]or

5 a case filed alleging violations prior to 2009, new claims cannot be asserted against new parties

6 in 2015." (*Id.* 13:14–15). However, this argument ignores that Plaintiffs originally attempted to

7 add the Jimmersons in 2011. (*See* Mot. to Amend, ECF No. 82). In addition, the Jimmersons

8 fail to identify what statute of limitations applies in this instance. The Court therefore declines

9 to dismiss Plaintiffs' claims as time barred at this juncture.

10      Finally, the Jimmersons argue that the FACC improperly alleges that the Jimmersons

11 qualify as employers under Nevada state law. Under Nevada statute, "'[e]mployer' includes

12 every person having control or custody of any employment, place of employment or any

13 employee." NRS § 608.011. In *Boucher v. Shaw*, 196 P.3d 959 (Nev. 2008) (en banc), the

14 Nevada Supreme Court considered whether certain "high-level managers" including a CEO and

15 a CFO who also "maintained a 100-percent ownership interest" in the employer-entity as

16 members of its parent company could be held personally liable as employers under NRS

17 Chapter 608. *Boucher*, 196 P.3d at 961. The Court held that because "NRS 608.011 does not

18 contain specific language that extends personal liability to individual managers[,] . . . individual

19 management-level corporate employees, such as [the 'high-level managers'], cannot be held

20 liable as employers for the unpaid wages of employees under Nevada's wage and hour laws."

21 *Id.* at 963.

22      Here, Plaintiffs allege that the Jimmersons are "the sole officers and owners of Jacob.

23 Mr. Jimmerson is the owner and managing member of Jacob while Mrs. Jimmerson is the CEO

24 of Jacob." (FACC ¶ 8). Based on *Boucher*, therefore, the Jimmersons cannot be held

25

1   personally liable as "employers" under Nevada state law.  Consequently, the Court

2   DISMISSES Plaintiffs' Nevada state law claims against the Jimmersons with prejudice.

3       **B.      Defendants' Motion to Dismiss (ECF No. 236)**

4       In the next Motion to Dismiss, Defendants[3] collectively seek to dismiss both the

5   statutory and constitutional state claims asserted in the FACC.  First, Defendants argue that

6   Plaintiffs' state law claims under NRS §§ 608.016, 608.100, and 608.020–608.050 must be

7   dismissed because no private right of action exists for their enforcement. (*See* Defs.' MTD

8   5:22–24).  Plaintiffs argue that a private right of action does exist.  However, case law from this

9   district has consistently held that no private right of action exists to enforce labor statutes

10  arising from any of the statutes at issue here.[4] *See, e.g.*, *Sargent v. HG Staffing, LLC*, No. 3:13-

11  cv-00453-LRH-WGC, 2016 WL 128141, at *2 (D. Nev. Jan. 12, 2016) (compiling cases).  The

12  Ninth Circuit's Memorandum does not contradict this conclusion as the court merely

13  "assume[d], without deciding, that there is a private right of action to bring [a claim under NRS

14  §608.016], because Executive does not argue otherwise." (Mem. Op. ¶ 2, ECF No. 170).  The

15  Court therefore DISMISSES Plaintiffs' Fourth, Fifth, Sixth, and Seventh Causes of Action with

16  prejudice, as amendment cannot cure this deficiency.

17      Second, Defendants argue that "no minimum wage claims can exist for time periods

18  prior to the 2014 *Thomas* decision because the Nevada statutes specifically exempted limousine

19

20  _____

21  [3] Because this Motion only pertains to Plaintiffs' state law claims, and, as discussed above, Plaintiffs' state law claims are dismissed against the Jimmersons, practically this Motion only implicates Jacob Transportation.

22  However, the Court refers to "Defendants" in discussing this Motion for consistency.

23  [4] In contrast, Plaintiffs' claim for unpaid minimum wages under the Minimum Wage Amendment does include a private right of action. *See* Nev. Const. art. XV, § 16 ("An employee claiming violation of this section may bring

24  an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this

25  section, including but not limited to back pay, damages, reinstatement or injunctive relief."); *Tyus v. Wendy's of Las Vegas, Inc.*, No. 2:14-cv-00729-GMN, 2015 WL 463130, at *3 (D. Nev. Feb. 4, 2015).

drivers from Nevada's Minimum Wage from its inception in 1965 to the date of repeal by *Thomas* in 2014." (Defs.' MTD 11:5–8). Indeed, prior to the Minimum Wage Amendment, NRS § 608.250(2)(e) exempted limousine drivers from Nevada's statutory minimum wage requirements. *See Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court in & for County of Clark*, 383 P.3d 246, 247 (Nev. 2016). However, in *Thomas v. Nevada Yellow Cab Corp.*, 327 P.3d 518 (Nev. 2014), the Nevada Supreme Court ruled that the Nevada Minimum Wage Amendment impliedly repealed NRS § 608.250(2)(e). *Id.* at 248. Defendants now contend that the repeal was not effective until the Nevada Supreme Court issued its opinion in *Thomas*.

Defendants' arguments have been soundly rejected by the Ninth Circuit and the Nevada Supreme Court. *See, e.g.*, *Nev. Yellow Cab Corp.*, 383 P.3d at 252 ("We conclude that MRS 608.250(2)(e) was repealed when the Amendment was enacted in 2006, not when *Thomas* was decided in 2014."). Indeed, the Ninth Circuit specifically held in this case:

> The district court erred in dismissing Greene's claim under the Nevada Minimum Wage Amendment, embodied in Article 15, § 16 of the Nevada Constitution. *See Thomas v. Nevada Yellow Cab Corp.*, 327 P.3d 518, 522 (Nev. 2014) (holding that the Nevada Minimum Wage Amendment, which contains no taxicab and limousine exception, "supersedes and supplants the taxicab driver exception set out in [Nevada Revised Statutes §] 608.250(2)"). **Because the repeal of § 608.250(2) occurred in 2006 when the amendment was ratified, we reject Executive Coach and Carriage's ("Executive") retroactivity argument**. Greene does not allege that he is owed wages for hours worked prior to 2006. We therefore reverse the district court's dismissal of the minimum wage claim.

(Mem. Op. ¶ 3) (emphasis added). The Court therefore DENIES Defendants' Motion to Dismiss Plaintiffs' minimum wage claims under the Minimum Wage Amendment.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Jimmersons' Motion to Dismiss, (ECF No. 222), is **GRANTED in part and DENIED in part**.

1

2       **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 236), is **GRANTED in part and DENIED in part**.

3

4       **IT IS FURTHER ORDERED** that Plaintiffs' First, Third, and Eighth Causes of Action asserted against the Jimmersons survive, and Plaintiffs' First, Second, Third, and Eighth Causes

5 of Action against Jacob Transportation survive.

6       **IT IS FURTHER ORDERED** that Plaintiffs' Second Cause of Action is **DISMISSED**

7 **with prejudice** as asserted against the Jimmersons, and Plaintiffs' Fourth, Fifth, Sixth, and

8 Seventh Causes of Action are **DISMISSED with prejudice** with respect to each Defendant.

9       **DATED** this ___3___ day of February, 2017.

10

11

12                               _____
                              Gloria M. Navarro, Chief Judge
                              United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25