**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT GREENE, THOMAS SCHEMKES, and GREGORY GREEN on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>JACOB TRANSPORTATION SERVICES, LLC, a Nevada Corporation doing business as executive Las Vegas; JAMES JIMMERSON, an individual, CAROL JIMMERSON, an individual, and Does 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:09-cv-00466-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Class Certification, (EFC No. 230), filed by Plaintiffs Robert Greene ("Robert Greene"), Thomas Schemkes, and Gregory Green ("Gregory Green") (collectively "Plaintiffs"). Defendants Jacob Transportation Services, LLC ("Jacob Transportation Services"), James Jimmerson, and Carol Jimmerson (the "Jimmersons") (collectively "Defendants") filed two separate Responses, (ECF No. 231, ECF No. 237), and Plaintiffs filed a Reply, (EFC No. 234). For the reasons discussed below, Plaintiffs' Motion for Class Certification is **GRANTED**.[1]

**I.　BACKGROUND**

This case arises out of limousine drivers claiming that Defendants failed to pay them minimum wage and overtime payments. On March 10, 2009, Gregory Green initiated this case

---

[1] Also pending before the Court is Plaintiffs' Motion to Strike Defendants' Second Response, (ECF No. 238), to which Defendants filed a Response, (ECF No. 240), and Plaintiffs filed a Reply, (ECF No. 241). Because the Court finds Defendants' Second Response, (ECF No. 237), contrary to the Court's Order to Consolidate, (ECF No. 200), the Motion to Strike is **GRANTED**. If Defendants wish to file a second response in the future, the Court implores Defendants to first seek leave from the Court pursuant to Local Rule 7-2(g).

alleging state law minimum wage claims and federal claims under the Fair Labor Standards Act ("FLSA"). (*See generally* Compl., ECF No. 1). Specifically, Plaintiffs assert that "Defendants extracted additional work from its employees without having to pay them for the work being performed," and that Defendants required employees to "perform work activities before, after, and in-between picking up and dropping off clients 'off-the-clock' for which they were not compensated." (*See, e.g.*, Mot. to Certify 7:3–7, ECF No. 230).

Following a series of motions, the Court previously dismissed Gregory Green's state law claims, which he appealed. (*See* Order, ECF No. 16); (*see also* Notice of Appeal, ECF No. 163). On January 27, 2015, the Ninth Circuit issued the Memorandum reversing and remanding the case back to this Court. (*See* Mem. Op., ECF No. 170).

On, September 28, 2015, the Court ordered the consolidation of Plaintiffs' cases and on November, 18, 2015, Plaintiffs filed their consolidated Complaint. (Order, ECF No. 200); (Am. Compl., ECF No. 204). Plaintiffs' Amended Complaint, (ECF No. 204), alleges FLSA violations, and various state law violations pursuant to Nevada Constitution, art. XV, § 16, and NRS §§ 608.100(1)(b), 608.016, 608.100(2), and 608.020. (*See* Am. Compl. ¶¶ 32–99). On September 6, 2016, Plaintiffs filed the instant Motion for Class Certification. (ECF No. 230).

## II. <u>LEGAL STANDARD</u>

Class actions are governed by Federal Rule of Civil Procedure 23 ("Rule 23"). In attempting to certify a class, the party seeking class certification bears the burden of demonstrating that the requirements of Rule 23(a) and (b) are met. *Conn. Retirement Plans & Trust Funds v. Amgen. Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011). "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Rather, "[a] party seeking certification must affirmatively demonstrate his compliance with the rule," and a trial court should only certify a class if it "is satisfied, after a rigorous analysis that

the prerequisites of Rule 23(a) have been satisfied." *Id.* (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

In order to successfully move to certify a class under Rule 23, Plaintiffs must satisfy two sets of criteria. First, Plaintiffs must show each of the following:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *see Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010). These requirements are commonly referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Second, plaintiffs must show at least one of the following:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> >
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a

class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(1)–(3).

Generally, a district court should not address the merits of the case when determining certification under Rule 23. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974) (holding that a class action plaintiff cannot argue the merits of his case to circumvent the Rule 23 certification requirements). However, where the merits at issue concern requirements of certification under Rule 23, the court must consider such evidence. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992). A district court may, however, dismiss an action on the merits before determining propriety of certification. *See Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984).

A district court's decision to certify a class is reviewed for abuse of discretion. *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d 953, 957 (9th Cir. 2009). "Abuse exists in three circumstances: (1) reliance on an improper factor, (2) omission of a substantial factor, or (3) a clear error of judgment in weighing the correct mix of factors." *Id.* (citing *Parra v. Bashas', Inc.*, 536 F.3d 975, 977–78 (9th Cir. 2008)).

### III. DISCUSSION

The class Plaintiffs seek to certify is:

> All current and former employees of Defendants who worked as limousine drivers at any time during the relevant limitation periods alleged herein as measured from the date of the filing of the Lead Case No: 2:09-CV-00466-GMN-CWH and continuing until the time of judgment after trial.

(Mot. to Certify 3:6–8, ECF No. 230).

Defendants assert numerous reasons outside of the Rule 23 analysis as to why the class should not be certified. First, Defendants claim that Plaintiffs failed to distinguish between the previously consolidated cases. (Resp. 20:3–4, ECF No. 231). However, consolidated cases can be brought as a class action under Rule 23. *See Busk v. Integrity Staffing Solutions*, 713 F.3d 525, 528 (9th Cir. 2013) *rev'd on other grounds*, 135 S. Ct 513 (2014) (holding that an FLSA collective action and a state law class action can be brought in the same federal lawsuit). Second, Defendants allege various arguments as to why the class should not be certified citing to the merits of the case. (Resp. 20:4–10). These arguments are not relevant to the determination of class certification under Rule 23. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974) (holding that a class action plaintiff cannot argue the merits of his case to circumvent the Rule 23 certification requirements). Therefore, the Court will not address the merits of the case at this point in the proceeding and will turn to the Rule 23 analysis.

**A. Rule 23(a)**

   **i. Numerosity**

Rule 23 mandates that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs assert that the proposed class consists of over five-hundred employees pursuant to a list that Defendants produced on April 18, 2011. (Mot. to Certify 18:4); (*see* Thierman Decl. ¶ 19, Ex. 1 to Mot. to Certify, ECF No. 230-1).

Defendants argue in the Supplement to their Response, (ECF No. 249),[2] that an order from the Eighth Judicial District Court, Clark County, Nevada, in *Tesema v. Lucky Cab Co. et al.*, Case No. A660700 ("*Tesema* Order"), is persuasive here. (*See* Ex. 1 to Suppl. to Resp. at 1–7, ECF No. 249) (denying a motion for class certification for lack of numerosity and commonality in a case that involved minimum wage claims for former cab driver employees).

---

[2] In filing this Supplement, Defendants again attempt to skirt page limits as required by Local Rule 7-3. While the Court is willing to consider Defendants' Supplement in this Motion, it will strictly enforce Local Rule 7-3 to any of Defendants' future filings.

The *Tesema* Order determined a lack of numerosity because plaintiffs' declarations did not provide actual knowledge of underpayment of minimum wage, and there were no wage violations found during investigations by the U.S. Department of Labor. (*See* Ex. 1 to Suppl. to Resp. 3:27, 4:1–7).

The Court does not find this authority persuasive. In the instant action, Plaintiffs provided declarations that show actual knowledge of underpayment. (*See* Aleksanyan Decl. ¶ 12, Ex. 2 to Mot. to Certify, ECF No. 230-2) ("Upon my own information and belief, Executive has been failing to pay its employees' wages due and owing for years."). Moreover, there have been no investigations by the U.S. Department of Labor here. Plaintiffs have provided adequate evidence that the class consists of a substantial number of persons and therefore, Plaintiffs have met the numerosity requirement.

### ii. Commonality

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The principal question in this analysis is whether the questions plaintiffs raise "can be answered 'yes' or 'no' in one stroke as to the entire class." *Parsons v. Ryan*, 754 F.3d 657, 684 (9th Cir. 2014).

Here, Plaintiffs assert there are three questions that, when answered, will impact the entire class. (Mot. to Certify 19:17–18). Specifically, Plaintiffs questions are: (1) whether Defendants failed to compensate class members for all the hours that they worked; (2) whether Defendants failed to compensate class members at least the minimum wage for all the hours that they worked; and (3) as a result of failing to compensate class members for all the hours that they worked and their minimum wages, whether Defendants failed to compensate class

members who are former employees all their wages due and owing at the time of their termination. (Mot. to Certify 19:18–23). Moreover, Plaintiffs assert that all class members worked under the same policies and procedures that resulted in the same injury to all class members. (Mot. to Certify 19:1–8); (*see* Ex. 6 to Mot. to Certify, ECF No. 230-6). Although Defendants dispute whether or not the policy or plan violated the FLSA, Defendants fail to present argument as to whether the policy impacted the entire class. As such, Defendants again attempt to argue the merits of the case, and the Court will not address these arguments at the present stage.

Additionally, Defendants again ask the Court to consider the *Tesema* Order. There, the court found the commonality requirement was not satisfied because plaintiffs were unable to show that there were questions of law or fact common to the class. (*See* Ex. 1 to Suppl. to Resp. 4:13–16). Furthermore, in order for the court to have determined whether the class was underpaid the minimum wage, the court would have needed to engage in an individual analysis of each driver's income. (*See* Ex. 1 to Suppl. to Resp. 4:27, 5:1). Because individual analysis is inappropriate for a class action, plaintiffs failed to meet the commonality requirement. (*See* Ex. 1 to Suppl. to Resp. 4:27). Here, Plaintiffs provide questions of fact that are common to the class because the answers to these questions would provide classwide resolution. Plaintiffs have presented evidence in the form of depositions, declarations, and Defendants' company policies that applied to all employed limousine drivers. (*See* Ex. 6 to Mot. to Certify, ECF No. 230-6); (*see also* Ex. 2 to Mot. to Certify, ECF No. 230-2); (*see also* Ex. 7 to Mot. to Certify, ECF No. 230-7); *see also In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 206-CV-00225-PMP-PAL, 2008 WL 3179315 (D. Nev. June 20, 2008) (finding that commonality is established when plaintiffs allege common policies emanating from payroll manipulations over a widespread period of time). Because the determination of the core issues of fact or law are

common to the entire proposed class here, the Court finds that the commonality requirement is satisfied.

### iii. Typicality

"The test of typicality is whether other members have the same or similar injury . . . and have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, Plaintiffs assert that Plaintiffs and all limousine driver employees have suffered the same injury, failure to pay wages pursuant to Nevada wage and hour law, stemming from Defendants' uniform off-the-clock policy. (Mot. to Certify 20:17–18). Defendants argue that Plaintiffs are not similarly situated because they have not "demonstrated that the company had a common policy or plan that violated the FLSA." (Resp. 21:2). However, Plaintiffs and the class they seek to represent were all Defendants' employees and were subject to the same workplace policies. (Mot. to Certify 20:11–15). Because they were subject to the same workplace policies, the proposed class has conceivably been injured by the same course of conduct. *See Hanon*, 976 F.2d at 508. As such, the typicality requirement is met.

### iv. Adequacy

Adequacy under Rule 23(a)(4) relates to whether "(1) the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012). Here, Plaintiffs maintain that "neither named Plaintiffs nor their counsel have interests antagonistic to those of other class members." (Mot. to Certify 21:1–2). Moreover, Plaintiffs argue that there is a shared interest with class members to recover compensation. (Mot. to Certify 21:1–8).

Defendants argue that one of the three plaintiffs is an inadequate class representative because "Plaintiff admits to dozens of facts that each show that he has no claim under the

1  FLSA." (Resp. 21:13–17). However, there are two other plaintiffs that are adequate class
2  representatives, and there are "numerous cases in which one representative has been held
3  adequate to represent a prolonged class." *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir.
4  1975).[3] As such, the Court finds that pursuant to the proposed class's shared interest, Plaintiffs
5  and their counsel will sufficiently prosecute the action, and therefore the adequacy requirement
6  has been met. Plaintiffs have satisfied all the Rule 23(a) requirements and the Court will now
7  turn to the Rule 23(b) requirements.

**B. Rule 23(b)**

Rule 23(b)(3) requires the Court to find "that the questions of law or fact common to class members *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). These are deemed the "predominance" and "superiority" requirements. The Court will first address predominance and then address superiority.

    **i. Predominance**

In determining predominance, the Court must ask "whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and the Court must focus "on the relationship between the common and individual issues." *Mevorah v. Wells Fargo Home Mortg.* (*In re Wells Fargo Home Mortg. Overtime Pay Litig.*), 571 F.3d 953, 957 (9th Cir. 2009). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Additionally, damages decided on an individual

---

[3] Rule 23(a) states that "[*o*]ne or more members of a class may sue or be sued as representative parties on behalf of all members." Fed. R. Civ. P. 23(a) (emphasis added).

basis do not preclude class certification. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

Here, Plaintiffs claim that their common question is "whether Defendants suffered or permitted Plaintiffs to perform unpaid work 'off-the-clock.'" (Mot. to Certify 22:9–10). Plaintiffs assert that the answer lies in Defendants' policies and practices. (Mot. to Certify 22:9–11). Defendants, however, counter that individualized issues predominate and certification should be denied "[b]ecause there is no policy or practice that violates the FLSA or other wage requirements[;] the only way Plaintiffs can prove their claim is to show that each individual driver failed to be productive enough to even earn minimum wage or overtime." (Resp. 22:21–23). Defendants further argue that there are individualized issues based on "the extent to which any drivers who join this case stole rides and concealed commissions earned." (Resp. 22:24–25). Defendants also allege that there will "be issues concerning improper inflation of hours due to the drivers using the cars for personal matters, or even, to take time off from the job at hand." (Resp. 22:26–27).

The Court, however, finds Defendants' arguments unpersuasive. Plaintiffs' common question is a specific aspect of the case. This common question can be resolved for all members of the class in a single adjudication because the company-wide practices and policies impact all the members of the class that Defendants employed. (*See* Ex. 5 to Mot. to Certify, ECF No. 230-5); (*see also* Ex. 6 to Mot. to Certify, ECF No. 230-6) (showing Defendants' company-wide policies regarding pre-shift and post-shift activities that applied to all members). The facts surrounding each particular case here will be similar because of Defendants' policies, and when class members' facts are effectively identical in substance, a class action is more suitable. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512–13 (9th Cir. 1978) (affirming a district court's decision to certify a class that pursued unpaid overtime wages under Rule 23(b)(3)); *see also Lucas v. Bell Trans*, No. 2:08-CV-01792-GMN, 2011 WL

5877467 (D. Nev. Nov. 22, 2011) (granting a motion to certify class for limousine drivers in a lawsuit for unpaid wages and overtime compensation). Accordingly, the Court finds that the common questions predominate over the individual questions that may arise thereby satisfying the predominance requirement.

      **ii. Superiority**

The factors the Court can consider to satisfy the superiority requirement include: (1) class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D). "Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *see also* 7A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1779 (2d. ed. 1986) ("[I]f a comparative evaluation of other procedures reveals no other realistic possibilities, this [superiority] portion of Rule 23(b)(3) has been satisfied.").

Here, Plaintiffs assert that "this case involves multiple claims for relatively small amounts of money," which would deter members from individual costly litigation. (Mot. to Certify 24:20–23). Plaintiffs additionally claim that the denial of class certification would "necessitate filing hundreds of individual actions involving the exact same factual and legal questions." (Mot. to Certify 24:27–28). Moreover, Defendants do not dispute this requirement in their Response. Because the Court finds that it would be more efficient and consistent to pool these claims together, the superiority requirement has been satisfied.

    **C. Proposed Class Counsel**

Rule 23(g)(1) states that "[u]nless a statute provides otherwise, a court that certifies class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). Under Rule 23(g)(1), the Court considers

four factors when appointing counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *Id.*

The Court finds each element is satisfied here. Mark Thierman ("Thierman") and Joshua Buck ("Buck") (collectively "Plaintiffs' attorneys"), have invested in this case and attest to their many years of experience in handling wage and hour class actions. (Mot. to Certify 21:11–13); (*see* Thierman Decl. ¶¶ 5–11, Ex. 1 to Mot. to Certify, ECF No. 230-1); (*see also* Buck Decl. ¶ 5, Ex. 9 to Mot. to Certify, ECF No. 230-9). Specifically, Thierman, has been "counsel for a certified class in over 250 employment cases," demonstrating his knowledge of the applicable law. (Mot. to Certify 21:13–14); (*see* Thierman Decl. ¶ 7, Ex. 1 to Mot. to Certify). Plaintiffs' attorneys also indicate that their firm has the necessary resources to fully prosecute this case. (Mot. to Certify 21:16–17). Accordingly, the Court finds that Plaintiffs' attorneys are adequate to be appointed as certified class counsel, and Plaintiffs' Motion for Class Certification is granted.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Class Certification, (ECF No. 230), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike, (ECF No. 238), is **GRANTED**.

**DATED** this 19 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge