MARIO P. LOVATO
Nevada Bar No. 7427
LOVATO LAW FIRM, P.C.
7465 W. Lake Mead Blvd Ste 100
Las Vegas, Nevada 89128
T: 702 979 9047
F: 702 554 3858
E: mpl@lovatolaw.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT G. GREENE, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>JACOB TRANSPORTATION SERVICES, LLC, a Nevada corporation dba Executive Las Vegas; JIM JIMMERSON, an individual; and CAROL JIMMERSON, an individual,<br><br>　　Defendants. | CASE NO.: 2:09-CV-466-GMN-CWH<br><br>Consolidated with:<br>Case No. 2:11-CV-355 |

**MOTION TO WITHDRAW AS ASSOCIATED COUNSEL FOR DEFENDANTS**

Attorney Mario P. Lovato, Esq. hereby moves, pursuant to LR IA 11-6(b) withdraw as counsel for Defendants in the above-referenced case. Defendants have counsel in James J. Jimmerson, Esq. and various associates at Jimmerson Law Firm who have represented Defendants in the case since its inception, and who will remain as counsel.

　　　　　　　　　　　　　　LOVATO LAW FIRM, P.C.

　　　　　　　　　　　　　　___/s/ Mario Lovato_____
　　　　　　　　　　　　　　MARIO P. LOVATO, ESQ.
　　　　　　　　　　　　　　Nevada Bar No. 7427
　　　　　　　　　　　　　　Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully requests this Court to permit Mario P. Lovato and Lovato Law Firm, P.C. to withdraw as counsel for Defendants. Upon withdrawal, James J. Jimmerson, Esq. and various associates at Jimmerson Law Firm will be remaining counsel for Defendants.

Local Federal Rule IA 10-6(b) and (e) provide:

> (b) No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.
>
> (e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

The Nevada Supreme Court rules governing Nevada attorneys contain similar rules. Nevada Supreme Court Rule 46(2) provides: "The attorney in an action or special proceeding may be changed at any time before judgment or final determination . . . [u]pon the order of the court or judge thereof on the application of the attorney or the client." Rule 166(2) of the Supreme Court Rules states, in pertinent part:

> 2. Except as stated in subsection 3, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
> * * *
> (d) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (e) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (f) other good cause for withdrawal exists.

James J. Jimmerson and his associates have handled the defense of this case as co-counsel from the date of its inception. *See* Declaration of Mario P. Lovato, Esq., attached as Exhibit 1.[1] Mr. Jimmerson and his associates, including recently hired associates Kevin Hejmanowski and James M. Jimmerson (son of James J. Jimmerson), have handled recent matters, including engaging in substantial discovery.

The clients in this case have failed to honor their payment and related obligations under the agreement between movant and the clients. Movant has handled the defense of numerous wage cases of the type being litigated herein to and through conclusion, but the representation cannot be continued in this case. The clients' failure to honor commitments has been a growing issue in the retention and has resulted in numerous direct meetings and other direct conversations between movant and the clients in this case. It has previously required movant to withdraw from representing the client in similar litigation, which was granted by the Court therein (Case No. 2:14-CV-1135 (*see* Dkt 76)); it has required movant to decline representation in other wage litigation matters requested by the client.

There has been a breakdown in communication between movant and the client. Prior to mid-February of this year, movant had been in direct communication with Mr. Jimmerson, who was the primary client representative directing the litigation, and spoke numerous times with the client representative through and to February 13, 2018. After such date, there has been a breakdown in communication between movant and client. Commencing on February 16, 2018, movant received numerous email communications from the client representatives wherein, rather than satisfying obligations to movant's firm, the breakdown in attorney-client relationship was escalated and increased to the point where this motion to withdraw must be filed. Such emails from the client representatives revealed the clients' failure to honor the obligations of the retention,

---

[1] Such Declaration supports the factual statements made herein.

revealed dramatically inconsistent instructions on how to proceed in the case, and contained incorrect characterizations of the case and the dealings between attorney and client.

In recent weeks, movant has been unable to reach the primary client representative to discuss the failure of clients to satisfy the clients' obligations under the retention, and to otherwise attempt to resolve matters. Numerous calls were made by movant to discuss matters directly, which were followed up via email communication. When arrangements were actually made by movant with the client representative's office for a telephone conference, the client representative failed to attend and to otherwise make the scheduled call. Instead, movant received yet more email communications that avoided direct communication.

Movant was unable to secure any return call from the client representative for a one month period from February 13, 2018 until the end of the day on March 13, 2018, which is the day prior to the filing of this motion. Such conversation made clear that there was a breakdown in communication that would, and does, necessitate the filing of this motion.

Recently, the client representative has incorrectly claimed that there has been a unilateral cessation of work by movant. In actuality, the client representatives' recent emails required direct communication with the client in an attempt to resolve matters in order for the representation to continue. The client representative failed and refused to directly communicate with movant until the date prior to this motion. At all pertinent times, the client representatives have been informed that movant would be required to withdraw if matters could not be resolved. During this time, movant has actually continued to handle various outstanding matters while Mr. Jimmerson's office handled the other aspects of the case. As this motion is about to filed, and despite the client / co-counsel's knowledge that it would be filed, notice has been received that client has filed a motion to the same effect. While movant disagrees with the statements made therein, such motion makes

clear that there is agreement between movant, the clients, and co-counsel that this motion should be granted.

Defendant will continue to have counsel representing its interests, and that is already counsel of record in the case, specifically:

> James J. Jimmerson, Esq.
> Jimmerson Law Firm, P.C.
> 415 South Sixth Street, Suite 100
> Las Vegas, Nevada 89101
> (702) 388-7171 (main)
> (702) 380-6406 (fax)
> jjj@jimmersonlawfirm.com

There should not be any delay that is caused by the granting of this motion, as Mr. Jimmerson has been directly involved in the ligation of this case from the outset of this case. Further, Mr. Jimmerson has attended nearly all hearings in this case, including the most recent case taking place before the Magistrate Judge in this case on December 14, 2017, at which time he represented to the Court that, inter alia, he is co-counsel in the case. Recently, associates at Mr. Jimmerson's firm have been directly and substantially involved in the case.

Both movant and Mr. Jimmerson (and his associates) have communicated to Plaintiffs' counsel in recent weeks that Mr. Jimmerson and his associates should be copied on matters and are handling the litigation of this case. Plaintiffs' counsel has been informed in this recent period of litigation that a withdrawal might occur shortly.

Substantial discovery has been conducted by movant and Mr. Jimmerson's firm over the past several months. Such discovery has involved the production of electronic files equivalent to several hundred thousand pages of documents, including driver trip sheets, payroll records and like. It has also involved service by both sides in this case of several sets of requests for production of documents and interrogatories, as well as certain responses thereto.

Movant is not filing this Motion for purposes of delay, and no delay should result from granting this motion. No trial is currently scheduled in this case, which in any event, could continue to be handled by Jimmerson Law Firm. To the extent that there might be need for a further extension of time for discovery purposes, it will be due to the nature of the case and the substantial discovery that is occurring, rather than being due to this motion.

Finally, Mr. Lovato has worked with Mr. Jimmerson on various matters over the course of nearly two decades, and has enjoyed a good relationship with him and his firm over that time period. There have been numerous additional communications by Mr. Lovato than are generally referred to herein, but Mr. Lovato seeks to properly protect confidentiality interests of the client. Mr. Lovato fulfilled the obligations of this retention in this, but, in light of the failure of the client to satisfy substantial payment and other obligations under the retention, and in light of the breakdown in communications and the attorney-client relationship, movant requests that he be permitted to withdraw from further representation.

Movant requests that this motion be granted.

LOVATO LAW FIRM, P.C.

 /s/ Mario Lovato
MARIO P. LOVATO, ESQ.
Nevada Bar No. 7427
Movant

IT IS SO ORDERED.

DATED: March 15, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

IT IS FURTHER ORDERED that ECF No. 311 is DENIED as moot.

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 14, 2018, I served a copy of this **MOTION TO WITHDRAW AS ASSOCIATED COUNSEL FOR DEFENDANT** via electronic means in accordance with the court's order requiring electronic service in this case, and that it was served on all parties and counsel registered with the court's CM / ECF system of electronic service, and is further served via email and U.S. Mail upon the following:

Jacob Transportation Services, LLC
3950 W. Tompkins Ave.
Las Vegas, NV 89103

   /s/ Mario Lovato

EXHIBIT 1

# DECLARATION OF MARIO P. LOVATO, ESQ.

MARIO P. LOVATO, ESQ., states under penalty of perjury:

1. I am an attorney duly licensed to practice law in the State of Nevada. I am one of the attorneys of record for Defendant in the matter to which this Declaration is attached. I have personal knowledge of the facts contained herein and am competent to testify thereto. This Declaration is filed in the case of Greene v. Jacob Transportation et al., Case No. 2:09-CV-466, which is consolidated with Case No. 2:11-CV-355.

2. James J. Jimmerson and his associates have handled the defense of this case as co-counsel from the date of its inception. Mr. Jimmerson and his associates, including recently hired associates Kevin Hejmanowski and James M. Jimmerson (son of James J. Jimmerson), have handled recent matters, including engaging in substantial discovery.

3. The clients in this case have failed to honor their payment and related obligations under the agreement between my firm and the clients. I have handled the defense of numerous wage cases of the type being litigated herein to and through conclusion, but the representation cannot be continued in this case.

4. The clients' failure to honor commitments has been a growing issue in the retention and has resulted in numerous direct meetings and other direct conversations between movant and the clients in this case. It has previously required me to withdraw from representing the client in similar litigation, which was granted by the Court therein (Case No. 2:14-CV-1135 (*see* Dkt 76)). It has required me to decline representation in other wage litigation matters requested by the client.

5. There has been a breakdown in communication between the client and me. Prior to mid-February of this year, I had been in direct communication with Mr. Jimmerson, who was the primary client representative directing the litigation, and spoke numerous times with the client representative through and to February 13, 2018. After such date, there has been a breakdown in communication.

6. Commencing on February 16, 2018, I received numerous email communications from the client representative wherein, rather than satisfying obligations to movant's firm, the breakdown in attorney-client relationship was escalated and increased to the point where this motion to withdraw must be filed. Such emails from the client representatives, inter alia, revealed the clients' failure to honor the obligations of the retention, revealed dramatically inconsistent instructions on how to proceed in the case, and contained incorrect characterizations of the case and the dealings between attorney and client.

7. In recent weeks, movant has been unable to reach the client representative to discuss the retention, the failure of clients to satisfy the clients' obligations under the retention, and to otherwise attempt to resolve matters. Numerous calls were made by myself to discuss matters directly, which were followed up via email communication. When I did manage to make arrangements with the client representative's office for a telephone conference, the client representative failed to attend and to otherwise make the scheduled call. Instead, I received yet more email communications that avoided direct communication.

8. I was unable to secure any return call from the client representative for a one month period from February 13, 2018 until the end of the day on March 13, 2018, which is the day prior to the filing of this motion. Such conversation made clear that there was a breakdown in communication that would, and does, necessitate the filing of this motion.

9. Recently, the client representative has incorrectly claimed that there has been a unilateral cessation of work by movant. In actuality, the client representative received numerous emails and telephone calls that made clear that attorney and client needed to settle and resolve matters in order for the representation to continue. The client representative failed and refused to directly communicate directly with me until the date prior to the filing of this motion. The client representatives were informed that movant would be required to withdraw if matters could not be

resolved. During this time, movant has actually continued to handle various outstanding matters while Mr. Jimmerson's office handled the other aspects of the case.

10. As this motion is about to filed, and despite the client / co-counsel's knowledge that it would be filed, notice has been received that client has filed a motion to the same effect. While movant disagrees with the statements made therein, such motion makes clear that there is agreement between movant, the clients, and co-counsel that this motion should be granted.

11. Defendants will continue to have counsel representing its interests, and that is already counsel of record in the case, specifically:

> James J. Jimmerson, Esq.
> Jimmerson Law Firm, P.C.
> 415 South Sixth Street, Suite 100
> Las Vegas, Nevada 89101
> (702) 388-7171 (main)
> (702) 380-6406 (fax)
> jjj@jimmersonlawfirm.com

12. There should not be any delay that is caused by the granting of this motion, as Mr. Jimmerson has been directly involved in the ligation of this case from the outset of this case. Further, Mr. Jimmerson has attended nearly all hearings in this case, including the most recent case taking place before the Magistrate Judge in this case on December 14, 2017, at which time he represented to the Court that, inter alia, he is co-counsel in the case. Recently, associates at Mr. Jimmerson's firm have been directly and substantially involved in the case.

13. Both Mr. Jimmerson (and his associates) and I have communicated to Plaintiffs' counsel in recent weeks that Mr. Jimmerson and his associates should be copied on matters and are handling the litigation of this case. Plaintiffs' counsel has been informed in this recent period of litigation that a withdrawal might occur shortly.

14. Substantial discovery has been conducted by movant and Mr. Jimmerson's firm over the past several months. Such discovery has involved the production of electronic files equivalent to several hundred thousand pages of documents, including driver trip sheets, payroll

records and like. It has also involved service by both sides in this case of several sets of requests for production of documents and interrogatories, as well as certain responses thereto.

15. I am not filing this Motion for purposes of delay, and no delay should result from granting this motion. No trial is currently scheduled in this case, which in any event, could continue to be handled by Jimmerson Law Firm. To the extent that there might be need for a further extension of time for discovery purposes, it will be due to the nature of the case and the substantial discovery that is occurring, rather than being due to this motion.

16. I have worked with Mr. Jimmerson on various matters over the course of nearly two decades, and have enjoyed a good relationship with him and his firm over that time period. There have been many more communications between me and the Jimmersons than are generally referred to herein, but I seek to properly protect confidentiality interests of the client. I have continuously fulfilled the obligations of the retention in this, but, in light of the failure of the client to satisfy obligations under the retention and the breakdown in communications and attorney-client relationship, I request to be permitted to withdraw from further representation.

17. I state under penalty of perjury under the laws of the State of Nevada that the above and foregoing is true and correct.

DATED: March 14, 2018.

_____
MARIO P. LOVATO, ESQ.