Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GREENE, THOMAS SCHEMKES, and GREGORY GREEN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JACOB TRANSPORTATION SERVICES, LLC, a Nevada Corporation, doing business as Executive Las Vegas; JAMES JIMMERSON, an individual, CAROL JIMMERSON, an individual, and Does 1 through 50, inclusive,<br><br>Defendants. | Lead Case No.: 2:09-CV-00466-GMN-CWH<br>Consolidated with:<br>Member Case No. 2:11-CV-00355-JAD-NJK<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT** |

On September 21, 2018, this Court considered the Motion for Final Approval of Class Action Settlement. Counsel for Plaintiffs and Defendants appeared at the hearing. Having fully considered the Motion, comments of counsel, and all supporting legal authorities, the Court orders as follows:

IT IS HEREBY ORDERED THAT:

1. The Court adopts the defined terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and personal

jurisdiction over the named-plaintiff, all settlement class members, and defendants.

3. The Court confirms as final the following settlement class pursuant to Nev. R. Civ. P. 23(b)(2): "All Limousine Driver employees who worked for Jacob Transportation Services, LLC, doing business as Executive Las Vegas, at any time from March 10, 2006 through May 31, 2018."

4. The Court confirms the appointment of Robert Greene, Thomas Schemkes, and Gregory Green as the Class Representatives and the enhancement payments of $20,000 to Robert Greene and $5,000 each to Thomas Schemkes and Gregory Green.

5. The Court confirms the appointment of Thierman Buck LLP as class counsel for the settlement class and approves their requests for attorneys' fees and litigation costs of $401,666.67 and $80,000, respectively.

6. The class notice was distributed to class members, pursuant to this Court's orders, and fully satisfied the requirements of Nev. R. Civ. P. 23 and any other applicable law.

7. Pursuant to Nev. R. Civ. P. 23(e), the Court grants final approval to this settlement and finds that the settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and incentive award provisions. The Court specifically finds that the settlement confers a substantial benefit to settlement class members, considering the strength of plaintiffs' claims and the risk, expense, complexity, and duration of further litigation. The response of the class supports settlement approval. No class members objected to the settlement and only three (3) requested exclusion from the settlement. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the settlement in accordance with the standards set forth in the joint motion for final approval of settlement.

8. The Court finds that, as of the date of this Order, each and every class member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement.

9. The Court finds that the settlement administrator Simpluris is entitled to $40,000

for administrative fees.

10. The Court directs the Parties to effectuate the settlement terms as set forth in the Settlement Agreement and the settlement administrator to calculate and pay the claims of the class members in accordance with the terms set forth in the Settlement Agreement.

11. The Court finds that the following individuals are not included in the class and are expressly excluded from the settlement: (1) Patrick Nixon because his claim form was incomplete; (2) Mensur Maruff because he was not employed with the company during the relevant time period; (3) Abay Gebremariam because he did not meet the extension deadline; (4) Tadele Wolderiam because he was a shuttle bus driver and does not qualify for the class; and (5) Shimelis Wube because he was a shuttle bus driver and does not qualify for the class.

12. The Court further finds that the following individuals are included in the class: (1) Ellen Russell; (2) Vally Grigore, who is deceased, but his estate will be included in the class; (3) Francine Ferrero, who the Court finds has proof that she timely submitted her claim form; and (4) Jon Ferguson, who was sent the appropriate documents to his last known address and he failed to provide notice to the parties of his change his address and to submit a claim form before the deadline, but the Court will allow him to submit his claim form, because he came to court, with his current address, email, and/or phone number no later than October 3, 2018, 5:00 p.m. Pacific Standard Time.

13. Pursuant to the Settlement Agreement, Defendants shall fund the settlement by April 21, 2019.

14. The Court retains jurisdiction to enforce the terms of the settlement, including the payment of the settlement fund.

The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this  26   day of September, 2018.

Gloria M. Navarro, Chief Judge
United States District Court